[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2020-Ohio-4359.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

STATE OF OHIO ex rel. BRIAN M. AMES,  :   **PER CURIAM OPINION**

Relator,  :

- vs -  :   **CASE NO. 2019-P-0125**

PORTAGE COUNTY BOARD OF  :
COMMISSIONERS, et al.,
:
Respondents.

Original Action for Writs of Mandamus.

Judgment: Petition denied.

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondents).

PER CURIAM.

{¶1} On December 27, 2019, Brian M. Ames ("Ames") filed a pro se "Verified Petition for Writs Mandamus" against the Portage County Board of Commissioners ("the Board") and the Portage County Solid Waste Management District Board of Commissioners ("the SWMB"), as well as the Portage County Court of Common Pleas. Ames alleges two counts in violation of R.C. 121.22, Ohio's Open Meetings Act ("OMA"), for failure to keep full and accurate meeting minutes. Under each count, Ames alleges that, on specific dates in which meetings were held, the Board recessed to a

meeting of the SWMB and approved a consent agenda that is not reflected in the meeting minutes of the Board.

{¶2} Ames challenges the use of consent agendas on the basis that the resolutions contained therein were not individually voted on and approved. The consent agendas are contained in the SWMB minutes reflecting each resolution, a motion to approve, and votes. Ames maintains, however, that the SWMB is a fictitious entity and that the failure to include public business conducted during the SWMB recesses in the Board's meeting minutes constitutes a violation of the OMA. Further, Ames alleges in Count One that the September 17, 2019 meeting minutes he received in response to his email request was inaccurate because the Board failed to provide an exhibit ("Exhibit A") to the meeting minutes with its initial response to his request.

{¶3} The Board filed an answer, denying it had violated any provisions of R.C. 121.22. Thereafter, Ames and the Board each filed a motion for summary judgment, asserting no genuine issue as to any material fact alleged in the complaint remained to be litigated. The Board attached the following to its motion for summary judgment: (1) a copy of the SWMB meeting minutes; (2) two affidavits from the Board's clerk, who provided the meeting minutes to Ames; and (3) the email exchange between Ames and the clerk. Ames' motion contained no additional attachments.

{¶4} The second affidavit attached to the Board's motion for summary judgment, submitted by the Board's clerk, states:

> To the best of my recollection Mr. Ames did not notify me after I forwarded the minutes on December 27, 2019 regarding exhibit A and if he had notified me prior to filing the Petition I would have and could have retrieved exhibit A (Then and Now Certification) and provided it to him. The auditor's office also maintains this record. If he or anyone would like to have that exhibit A all they have to do is

2

to let us know. Again, from memory I do not remember him asking to have the exhibit after he received the minutes on the 27th of December, which did not include the exhibit. Attached is a copy of the then and now certificate, and the total amount of the certificate is contained in the minutes * * * [sic throughout].

{¶5} Ames' theory in support of his motion for summary judgment is that the SWMB is a fictitious entity, and the SWMB minutes should be disregarded; therefore, the Board's meeting minutes fail to accurately reflect what business was conducted with regard to waste management. He also alleges that the SWMB meeting minutes are inaccurate because the consent agendas used were not voted on or disclosed to the public, despite the meeting minutes reflecting motions and votes. The Board contends the SWMB is a political subdivision, authorized by Ohio statute, which maintains meeting minutes accessible to the public and that are not in violation of the OMA.

{¶6} "Summary judgment is a procedural device intended to terminate litigation and to avoid trial when there is nothing to try." *Frano v. Red Robin Internatl., Inc.*, 181 Ohio App.3d 13, 2009-Ohio-685, ¶12 (11th Dist.), citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358 (1992). Summary judgment is proper when (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

{¶7} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio

3

St.3d 280, 292 (1996). The moving party must point to some evidence of the type listed in Civ.R. 56(C) (e.g., depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact) that affirmatively demonstrates there is no genuine issue of material fact. *Id.* at 292-293.

{¶8} The issue presented to this court is two-fold:

> (1) Is the SWMB authorized by Ohio statute, thereby making the meeting minutes of that entity valid to inform the public of the Board's actions under the OMA?

> (2) If so, does the Board's use of a consent agenda or failure to provide Exhibit A in its initial response to Ames' request constitute a finding that the meeting minutes are inaccurate under the OMA?

## Validity of the SWMB

{¶9} R.C. 3734.52 requires each county to establish a solid waste management district:

> (A) In order to prepare, adopt, submit, and implement a solid waste management plan that complies with section 3734.55 of the Revised Code, the board of county commissioners of each county either shall establish and maintain a solid waste management district under Chapter 343. of the Revised Code, or shall participate in establishing and maintaining a joint solid waste management district with one or more other such boards under that chapter, in compliance with division (B) of this section. * * *

> (B) Not later than March 24, 1989, the board of county commissioners of each county shall do one of the following:

>> (1) Establish a county solid waste management district under Chapter 343. of the Revised Code;

>> (2) With the boards of county commissioners of one or more other counties, establish a joint solid waste management district under that chapter.

{¶10} R.C. Chapter 343, as referenced in R.C. 3734.52, authorizes the board of county commissioners of each county to "[e]stablish, by resolution, and maintain a county solid waste management district * * *." R.C. 343.01(A)(1).

{¶11} Under the Ohio Revised Code, the SWMB is a valid public body authorized to conduct business with regard to implementing a solid waste management plan that complies with R.C. 3734.55. Therefore, the SWMB is subject to compliance with the OMA in conducting public meetings, and the SWMB meeting minutes must be analyzed under the OMA.

**Application of the OMA**

{¶12} The purpose of Ohio's OMA "is to assure accountability of elected officials by prohibiting their secret deliberations on public issues." *State ex rel. Cincinnati Enquirer v. Hamilton Cty. Commrs.*, 1st Dist. Hamilton No. C-010605, 2002 WL 727023, *1 (Apr. 26, 2002), citing *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 544 (1996). The OMA "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(A).

{¶13} The governing provision for the meeting minutes in the present matter is R.C. 121.22(C), which states, in relevant part, that "[t]he minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection." This requirement is also found in R.C. 305.10(A), which states:

> [T]he clerk of the board of county commissioners shall keep a full
> written record of the proceedings of the board, and a written
> general index of those proceedings, entering each motion with the
> name of the person making it on the record. The clerk shall call and

5

record the yeas and nays on each motion. The clerk shall state fully and clearly in the record any question relating to the powers and duties of the board which is raised for its consideration by any person having an interest therein, together with the decision on such question, and shall call and record the yeas and nays by which the decision is made. When requested by a party interested in the proceedings or by a party's counsel, the clerk shall record any legal proposition decided by the board, the decision thereon, and the votes by which the decision is reached. If either party, in person or by counsel, takes exception to such decision, the clerk shall record the exceptions with the record of the decision.

{¶14} Because the SWMB is a duly established public body, its meeting minutes are valid to satisfy the requirements of R.C. 121.22(C). In those meeting minutes—attached to both Ames' petition and the Board's motion for summary judgment—the items contained in the consent agendas are stated, motions and votes are indicated, and the subject matter is accessible to the public. While none of the parties has cited any legal authority regarding the use of consent agendas, it has previously been held that, "'[w]here a statute clearly confers power to do a certain thing without placing any limitation as to manner or means of doing it, and no statute can be found prescribing exact mode of performing that duty or thing, presumption is that it should be performed in a reasonable manner not in conflict with any law of the state.'" *State ex rel. Moody v. Ohio Bur. of Emp. Services*, 5th Dist. Knox No. 88-CA-36, 1989 WL 47929, *2 (Apr. 13, 1989), quoting *State ex rel. Preston v. Ferguson*, 170 Ohio St. 450, 459 (1960). As discussed above, the Board was authorized by law to create a solid waste management district to implement a solid waste management plan that complies with section 3734.55 of the Revised Code. The use of the SWMB, as well as the SWMB's use of consent agendas to approve routine resolutions, is not in conflict with any law—including the OMA. The resolutions appear in the meeting minutes, the motions and votes on the

6

consent agendas are indicated, and the meeting minutes are accessible for public inspection.

{¶15}  Further, Ames' contention that the Board's failure to include Exhibit A in its email response to his request is also not a violation of the OMA.  The uncontroverted affidavit testimony submitted by the Board states that Exhibit A is maintained in the county auditor's office, it is open to the public, and it is available to be provided upon request.  Exhibit A was not inaccurate or otherwise defective under the OMA, and Ames makes no accusation that the Board intentionally withheld the document.  Following the spirit of the OMA to "assure accountability of elected officials by prohibiting their secret deliberations on public issues," the reasonable course of action for a citizen to take when a public record is omitted from an initial request is to contact the public body and request the omitted document rather than file an action with the courts on the same day the response is received.

{¶16}  The Board's motion for summary judgment is granted.  Ames' motion for summary judgment is overruled.

{¶17}  Ames' petition for writs of mandamus is hereby DENIED.


TIMOTHY P. CANNON, P.J., CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.