[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, Slip Opinion No. 2021-Ohio-2374.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-2374

THE STATE EX REL. AMES, APPELLANT, *v.* PORTAGE COUNTY BOARD OF COMMISSIONERS ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, Slip Opinion No. 2021-Ohio-2374.]

*Mandamus—Public Records Act—Open Meetings Act—Solid-waste-management district ("SWMD") is a valid entity created under R.C. 343.01 and 3734.52 with the county board of commissioners serving as its board of directors— Board may conduct separate meetings for SWMD business and non-SWMD county business—Official action of the SWMD board must be taken in a public meeting, and full and accurate minutes of the meetings must be maintained—Board's failure to inform the public of the resolutions being voted on at an SWMD public meeting as part of a consent agenda raises the question whether the use of a consent agenda in this manner constructively closes the public meeting—Judgment affirmed in part and reversed in part and cause remanded.*

(No. 2020-1120—Submitted March 30, 2021—Decided July 14, 2021.)

APPEAL from the Court of Appeals for Portage County, No. 2019-P-0125, 2020-Ohio-4359.

_____

**Per Curiam.**

{¶ 1} Appellant, Brian M. Ames, appeals the Eleventh District Court of Appeals' entry of summary judgment in favor of appellees, Portage County Board of Commissioners ("the board"), Portage County Solid Waste Management District Board of Commissioners ("SWMD"), and Portage County Court of Common Pleas. The gravamen of Ames's claim is that the board violated the Open Meetings Act (R.C. 121.22) and the Public Records Act (R.C. 149.43) by failing to conduct SWMD business in public meetings and by failing to prepare, maintain, and produce accurate minutes of SWMD business. We affirm in part, reverse in part, and remand for further proceedings as to the board and the SWMD.

## I. Background

### A. Creation of the SWMD

{¶ 2} R.C. 3734.52 requires a board of county commissioners to (1) "establish and maintain a solid waste management district under Chapter 343. of the Revised Code" or (2) participate in establishing and maintaining a joint solid-waste-management district with one or more other county boards of commissioners. The board opted for the former, establishing the SWMD by resolution on December 20, 1988. Under R.C. 3734.52(A), the board serves as the SWMD's board of directors. *See Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.*, 73 Ohio St.3d 590, 596, 653 N.E.2d 646 (1995).

### B. The September 2019 Meetings

{¶ 3} The board generally begins a regularly scheduled public meeting at 9:00 a.m., recites the Pledge of Allegiance, and immediately recesses to a public meeting of the SWMD. When the SWMD meeting is adjourned, the board

immediately reconvenes its public meeting regarding official county business. This entire process is open to the public. The board's clerk keeps separate minutes for the board's meeting on county business and the SWMD meeting.

{¶ 4} In 2019, the board adopted a consent-agenda procedure. The procedure allows for the approval of "routine items like the approval of minutes, approval of bills/ACH payments as presented by the County Auditor, approval of Then and Now Certifications as presented by the County Auditor,[1] as well as other items as listed on the consent agenda rules." A "yes" vote on the consent agenda is a "yes" vote on each of the items included on the consent agenda.

{¶ 5} On September 17, 2019, the board began its regular meeting at 9:00 a.m. and recessed at 9:01 a.m. to begin the SWMD meeting. At the SWMD meeting, the board adopted a consent agenda containing an approval of minutes from the previous meeting and three resolutions. There was no regular-agenda business at the meeting. The SWMD meeting was adjourned less than a minute after it began, after which the board resumed its regular meeting on county business.

{¶ 6} The September 26, 2019 meetings were conducted similarly. The board recessed its meeting at 9:00 a.m. and immediately convened an SWMD meeting. At the SWMD meeting, the board adopted a consent agenda containing an approval of minutes from the September 17 meeting and three resolutions. The board then concluded the SWMD regular agenda, adjourned the meeting at 9:02 a.m., and immediately resumed its meeting regarding county business.

{¶ 7} On December 26, 2019, Ames submitted a public-records request for "the meeting minutes of September 17 and 26, 2019 for the Portage County Board of Commissioners and the Portage County Solid Waste Management District Board

---

1. Under R.C. 5705.41(D)(1), a political subdivision may authorize payment of money due under a contract if it receives a certificate of the fiscal officer stating that a sufficient sum had been appropriated for that purpose, both at the time of the making of the contract and at the time of the fiscal officer's execution of the certificate. The "then and now certificate" of the Portage County Auditor constitutes the certificate required under R.C. 5705.41(D)(1).

of Commissioners." The following day, the board's clerk e-mailed the minutes of the September 17 and September 26 meetings to Ames. The minutes of the SWMD meetings contain the full text of the resolutions approved by consent agenda. For one of the resolutions passed at the September 17 SWMD meeting, the minutes purport to include a "Then and Now Certificate" from the county auditor designated "Exhibit A" to Resolution No. 19-137. But the exhibit was not attached to the minutes approved by the board or produced in response to Ames's public-records request.

### C. Ames Seeks a Writ of Mandamus

{¶ 8} On December 27, 2019, the same day he received the response to his public-records request, Ames filed a petition for a writ of mandamus against the board, the SWMD, and the court of common pleas. Ames alleged that the SWMD is a "fictitious body" that "has no basis in law" and that the board violated the Open Meetings Act by conducting SWMD business during recesses of the September 2019 board meetings. Ames further alleged that the board's use of a consent agenda at the SWMD meetings violated the Open Meetings Act. Ames sought a writ of mandamus compelling the board to prepare, file, and maintain accurate minutes for the September 2019 SWMD meetings and all future meetings and ordering all SWMD business to be conducted in open meetings, except for properly called executive sessions. Ames also sought a writ of mandamus compelling the court of common pleas to grant the relief set forth in R.C. 121.22(I) for proven violations of the Open Meetings Act.

{¶ 9} The court of appeals granted an alternative writ, and the parties filed cross-motions for summary judgment. On September 8, 2020, the court of appeals granted appellees' motion, denied Ames's motion, and denied the writs. The court noted that "the SWMD is a valid public body authorized to conduct business with regard to implementing a solid waste management plan that complies with R.C. 3734.55," 2020-Ohio-4359, ¶ 11, and held that the board's SWMD meeting

minutes satisfy the requirements of R.C. 121.22(C). The court further found that the use of consent agendas at the September 2019 meetings did not violate the Open Meetings Act. Finally, the court found nothing actionable in the omission of Exhibit A to the minutes of the September 17 SWMD meeting. The court did not expressly address Ames's claim for relief under the Public Records Act or his claim against the court of common pleas.

{¶ 10} Ames appealed to this court as of right.

## II. Analysis

{¶ 11} This court reviews de novo a court of appeals' grant of summary judgment in a mandamus action. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, 31 N.E.3d 608, ¶ 17. Summary judgment is proper when an examination of all relevant materials filed in the action reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 12} To prevail in his claim for mandamus relief under the Open Meetings Act, Ames must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of appellees to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 22. For Ames's request for relief under the Public Records Act, the first two elements are the same, but he need not establish the lack of an adequate remedy in the ordinary course of the law. *Id.* at ¶ 24.

### A. Validity of the SWMD

{¶ 13} In his first proposition of law, Ames argues that the SWMD is not a valid entity. Therefore, he contends, the board violated the Open Meetings Act by separately conducting SWMD business during recesses of the board's regular meetings. And since the business of the SWMD is not contained in the minutes of

the board's meetings related to county business, Ames argues, the board has violated R.C. 121.22(C), 305.10, and 149.43(B) by failing to keep full and accurate minutes of the September 2019 meetings.

{¶ 14} Ames's contention that the SWMD is a fictitious entity is not supported by R.C. 3734.52 and 343.01, which expressly authorize a board of county commissioners to create a solid-waste-management district. When a board of county commissioners establishes a solid-waste-management district under R.C. 3734.52 and 343.01, it also serves as the district's board of directors. *Danis Clarkco Landfill Co.*, 73 Ohio St.3d at 596, 653 N.E.2d 646. Moreover, the General Assembly has defined a solid-waste-management district created under R.C. 343.01 as a political subdivision unto itself, separate from a county, *see* R.C. 2744.01(F), though governed by the board of county commissioners that created it.

{¶ 15} Here, the board created the SWMD by resolution in 1988, as authorized by R.C. 343.01(A)(1), and Ames does not attack the validity of that resolution. Furthermore, Ames cannot establish that the board's procedure of convening separate meetings for SWMD business and non-SWMD county business violates the Open Meetings Act. As to the meetings at issue in this case, the evidence shows that the board convened four meetings on September 17 and September 26, 2019—two related to county business and two related to SWMD business—and prepared minutes of all four meetings. There is nothing in the Open Meetings Act or in R.C. 343.01 that prohibits the board from holding a public meeting of the SWMD separate from the county board meeting. Ames's first proposition of law is without merit.

*B. The Board's Use of a Consent Agenda*

{¶ 16} In his second proposition of law, Ames argues that the use of a consent agenda during the September 2019 SWMD meetings violated the Open Meetings Act. Ames argues that the use of a consent agenda effectively closed the SWMD meetings because it prevented members of the public in attendance at the

meetings from knowing which resolutions were being approved and hearing any deliberations on those resolutions.

{¶ 17} The Open Meetings Act "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(A). Thus, a majority of members of a public body cannot discuss public business in private, prearranged discussions that are later ratified at a public meeting. *See White v. King*, 147 Ohio St.3d 74, 2016-Ohio-2770, 60 N.E.3d 1234, ¶ 15, 24-25 (discussions conducted by e-mail between a majority of board members and action taken based on those discussions and later ratified at a public meeting may violate the Open Meetings Act); *State ex rel. Cincinnati Post v. Cincinnati*, 76 Ohio St.3d 540, 668 N.E.2d 903 (1996) (a public body may not circumvent the Open Meetings Act by conducting back-to-back, in-person gatherings with less than a majority of its members in attendance at each gathering and discussing the same topics of public business each time). Nor can a public body take an official action by secret ballot of its members, even if the balloting is done at an open meeting and the ballot slips are maintained as public records. *State ex rel. MORE Bratenahl v. Bratenahl*, 157 Ohio St.3d 309, 2019-Ohio-3233, 136 N.E.3d 447, ¶ 20-21. A public body also violates the Open Meetings Act when its members conceal their deliberations by whispering among themselves or secretly passing notes between one another during a public meeting. *See Manogg v. Stickle*, 5th Dist. Licking No. 97 CA 104, 1998 Ohio App. LEXIS 1961, *6-7 (Apr. 8, 1998), *cited with approval in MORE Bratenahl* at ¶ 16.

{¶ 18} We have granted writs of mandamus directing a public body to "prepare, file, and maintain full and accurate minutes and to conduct all meetings in public, except for properly called executive sessions." *State ex rel. Long v. Council of Cardington*, 92 Ohio St.3d 54, 61, 748 N.E.2d 58 (2001); *see also State ex rel. Inskeep v. Staten*, 74 Ohio St.3d 676, 678, 660 N.E.2d 1207 (1996) (granting

writ of mandamus to compel a city council "to open all council meetings to the public").

{¶ 19} In this case, the board approved multiple consent agenda items in a single vote. Although the vote itself was conducted in an open meeting, Ames contends that the board did not state or otherwise make public at the time of the meeting the specific resolutions being voted on as part of the consent agenda. He asserts that by failing to inform the public which resolutions were being voted on, this process effectively resulted in the board voting on the individual resolutions in secret. *See MORE Bratenahl* at ¶ 14 (holding that the Open Meetings Act requires that any official action take place in an open meeting). While the Open Meetings Act does not appear to prevent the board from using consent agendas as a general matter, Ames has raised a plausible theory—sufficient to survive a motion for summary judgment—that the board's use of a consent agenda in this manner constructively closes its public meetings and is an impermissible end run around the Open Meetings Act. We therefore conclude that the court of appeals erred in finding, as a matter of law, that the use of a consent agenda in the manner described did not violate the Open Meetings Act.

*C. Full and Accurate Minutes of the SWMD Meetings*

{¶ 20} For ease of discussion, we next address Ames's fourth proposition of law. Ames contends that the minutes of the September 2019 SWMD meetings were not prepared and maintained as required by law and that full and accurate copies of those minutes were not provided in response to his public-records request.

{¶ 21} R.C. 121.22(C) requires a public body to prepare, file, and maintain minutes of its meetings. *Long*, 92 Ohio St.3d at 56, 748 N.E.2d 58. Once prepared, R.C. 149.43(B) requires that the public body provide public access to the minutes upon request. *Id.* In addition, R.C. 305.10 requires that the clerk of a county board of commissioners keep a full record of the board's proceedings. *State ex rel. White v. Clinton Cty. Bd. of Commrs.*, 76 Ohio St.3d 416, 422, 667 N.E.2d 1223 (1996).

Mandamus is a proper remedy to compel compliance with a public office's duty to prepare, file, and maintain full and accurate meeting minutes. *See Long* at 60-61.

{¶ 22} In large part, the minutes for the two SWMD meetings at issue here satisfied R.C. 121.22(C). Ames is correct, however, that the approved minutes of the September 17, 2019 meeting are inaccurate in one respect. The minutes state that a list of expenditures totaling $1,794.42, related to Resolution No. 19-137 on the consent agenda, is "attached hereto as Exhibit 'A' and incorporated herein by reference." It is undisputed that Exhibit A was not attached to the official minutes prepared by the board's clerk or included with the documents produced to Ames in response to his public-records request.

{¶ 23} The court of appeals held that the omission of Exhibit A from the minutes of the September 17 meeting did not warrant relief in mandamus, because "Ames makes no accusation that the Board intentionally withheld the document" and uncontroverted affidavit testimony on behalf of the board establishes that the document is available in the county auditor's office, upon request, to any member of the public. 2020-Ohio-4359 at ¶ 15. The court of appeals erred in its reasoning. The board is required to keep full and accurate minutes of its meetings under the Open Meetings Act and to permit public access to those minutes under the Public Records Act. *See Long* at 56. In this case, the minutes of the September 17 meeting expressly incorporate an "Exhibit A" that the board has admitted is not included in the approved minutes and was not produced to Ames in response to his public-records request. The fact that Exhibit A is available from another source is immaterial. The board has a duty to maintain a full and accurate record of its proceedings. *See White* at paragraph one of the syllabus.

{¶ 24} Mandamus is an appropriate remedy to compel a public body to prepare and produce full and accurate meeting minutes under R.C. 121.22 and 149.43. *See Long*, 92 Ohio St.3d at 61, 748 N.E.2d 58; *Am. Civ. Liberties Union of Ohio, Inc.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, at ¶ 24.

Because the uncontroverted evidence shows that the board did not produce full and accurate minutes of the September 17 SWMD meeting in response to Ames's public-records request, the court of appeals erred in granting summary judgment on Ames's mandamus claim as it relates to the minutes of that meeting.

### D. Mandamus Claim Against the Court of Common Pleas

{¶ 25} In his third proposition of law, Ames contends that a writ of mandamus should issue directing the court of common pleas to grant relief under R.C. 121.22(I) for a proven violation of the Open Meetings Act. R.C. 121.22(I) requires the court of common pleas to issue an injunction and award court costs and attorney fees upon proof of a violation or threatened violation of the Open Meetings Act. This proposition of law is without merit.

{¶ 26} As a fundamental matter, a court of common pleas is not a proper respondent in a mandamus action. A court is not sui juris and, absent express statutory authority, can neither sue nor be sued in its own right. *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973). For this reason alone, Ames is not entitled to the mandamus relief he seeks against the court of common pleas. *See State ex rel. Armatas v. Fifth Dist. Court of Appeals*, 158 Ohio St.3d 1516, 2020-Ohio-2976, 145 N.E.3d 305.

{¶ 27} In any event, Ames's argument is flawed on the merits. He seeks a writ of mandamus ordering the court of common pleas to grant the relief provided in R.C. 121.22(I) on the ground he has proven a violation of the Open Meetings Act in this case. But R.C. 121.22(I) provides for issuance of an injunction and the award of costs and attorney fees only for a violation or threatened violation of the Open Meetings Act proven *in the court of common pleas*. Ames cannot use mandamus as a way to bypass the statute's requirement that a violation be proven in an R.C. 121.22(I) proceeding in the common pleas court.

### III. Conclusion

{¶ 28} For the foregoing reasons, we affirm the court of appeals' summary judgment and denial of mandamus relief as to the court of common pleas but reverse it as to the board and the SWMD. We order that the board produce Exhibit A to the minutes of the September 17 SWMD meeting to Ames in response to his public-records request. We remand this cause to the court of appeals to consider (1) whether the SWMD's alleged violation of the Open Meetings Act entitles Ames to further relief and (2) whether Ames should be awarded statutory damages under the Public Records Act.

Judgment affirmed in part
and reversed in part,
and cause remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Brian M. Ames, pro se.

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Christopher J. Meduri, Assistant Prosecuting Attorney, for appellees.

_____