[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2022-Ohio-336.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
BRIAN M. AMES,

        Relator,

    - v -

PORTAGE COUNTY BOARD
OF COMMISSIONERS, et al.,

        Respondents.

CASE NO. 2019-P-0125

Original Action for Writs of Mandamus

**P E R  C U R I A M**
**O P I N I O N**

Decided: February 7, 2022
Judgment: Petition denied

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondents).

PER CURIAM.

{¶1} This original action in mandamus is before us on remand from the Supreme Court of Ohio. In *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 165 Ohio St.3d 292, 2021-Ohio-2374, 178 N.E.3d 492 ("*Ames II*"), the court directed us to consider (1) whether relator, Brian M. Ames ("Mr. Ames"), is entitled to further relief for the alleged violation of the Open Meetings Act by respondents, Portage County Board of Commissioners and Portage County Solid Waste Management District Board of Commissioners (collectively,

"respondents"), and (2) whether Mr. Ames should be awarded statutory damages under the Public Records Act.

{¶2} Upon a careful review of the record and pertinent law, we find as follows:

{¶3} (1) Even if we assume that respondents' use of a consent agenda violated the Open Meetings Act, Mr. Ames has not established that he is entitled to extraordinary relief in mandamus. Respondents already performed the requested act by ceasing use of a consent agenda.

{¶4} (2) Mr. Ames is not entitled to statutory damages under the Public Records Act because he has not established that respondents failed to comply with an obligation imposed by R.C. 149.43(B).

{¶5} Thus, we grant respondents' motion for summary judgment and overrule Mr. Ames's motion for summary judgment. Mr. Ames's petition for writs of mandamus and request for statutory damages are denied.

**Background and Procedural History**

{¶6} The Portage County Board of Commissioners ("the board") established the Portage County Solid Waste Management District ("the SWMD") by resolution on December 20, 1988. *Ames II* at ¶ 2. Pursuant to R.C. 3734.52(A), the board serves as the SWMD's board of directors. *Id.* The board refers to itself as the "Solid Waste Management District Board of Commissioners" when conducting SWMD business.

{¶7} The board generally begins a regularly scheduled public meeting at 9:00 a.m., recites the Pledge of Allegiance, and immediately recesses to a public meeting of the SWMD. *Id.* at ¶ 3. When the SWMD meeting is adjourned, the board immediately reconvenes its public meeting regarding official county business. *Id.* This entire process

2

is open to the public. *Id*. The board's clerk keeps separate minutes for the board's meeting on county business and the SWMD meeting. *Id*.

{¶8} In 2019, the board adopted a consent-agenda procedure. *Id*. at ¶ 4. The procedure allows for the approval of "routine items like the approval of minutes, approval of bills/ACH payments as presented by the County Auditor, approval of Then and Now Certifications as presented by the County Auditor, as well as other items as listed on the consent agenda rules." *Id*. A "yes" vote on the consent agenda is a "yes" vote on each of the items included on the consent agenda. *Id*.

*September 2019 Meetings*

{¶9} On September 17, 2019, the board began its regular meeting at 9:00 a.m. and recessed at 9:01 a.m. to begin the SWMD meeting. *Id*. at ¶ 5. At the SWMD meeting, the board adopted a consent agenda containing an approval of minutes from the previous meeting and three resolutions. *Id*. There was no regular-agenda business at the meeting. *Id*. The SWMD meeting was adjourned less than a minute after it began, after which the board resumed its regular meeting on county business. *Id*.

{¶10} The September 26, 2019 meetings were conducted similarly. *Id*. at ¶ 6. The board recessed its meeting at 9:00 a.m. and immediately convened an SWMD meeting. *Id*. At the SWMD meeting, the board adopted a consent agenda containing an approval of minutes from the September 17 meeting and three resolutions. *Id*. The board then concluded the SWMD regular agenda, adjourned the meeting at 9:02 a.m., and immediately resumed its meeting regarding county business. *Id*.

{¶11} On December 26, 2019, Mr. Ames submitted a public-records request by email to the board's clerk for "the meeting minutes of September 17 and 26, 2019 for the

3

Portage County Board of Commissioners and the Portage County Solid Waste Management District Board of Commissioners." *Id.* at ¶ 7. The following day, the board's clerk emailed the minutes of the September 17 and September 26 meetings to Mr. Ames. *Id.*

{¶12} The minutes of the SWMD meetings contain the full text of the resolutions approved by consent agenda. *Id.* For one of the resolutions passed at the September 17 SWMD meeting, the minutes purport to include a "Then and Now Certificate" from the county auditor designated as "Exhibit A" to Resolution No. 19-137; however, the exhibit was not attached to the minutes approved by the board or produced in response to Mr. Ames's public-records request. *Id.*

### *Mandamus Petition*

{¶13} On December 27, 2019, the same day he received the response to his public-records request, Mr. Ames filed a verified petition in this court for writs of mandamus against the board, the SWMD board, and the Portage County Court of Common Pleas. *See id.* at ¶ 8.

{¶14} Mr. Ames alleged that the SWMD board is a "fictitious body" that "has no basis in law"; the board violated the Open Meetings Act ("OMA") by conducting SWMD business during recesses of the September 2019 board meetings; the board's use of a consent agenda at the SWMD meetings violated the OMA; and the board violated R.C. 121.22(C), R.C. 305.10, and R.C. 149.43(B) by failing to keep full and accurate meeting minutes for the September 2019 meetings. *See id.*

{¶15} Mr. Ames sought a writ of mandamus compelling the board to prepare, file, and maintain accurate minutes for the September 2019 SWMD meetings and future

4

meetings and to conduct all SWMD business in open meetings of the board except for properly called executive sessions. *See id.* Mr. Ames also sought a writ of mandamus compelling the court of common pleas to grant the relief set forth in R.C. 121.22(I) for proven violations of the OMA. *See id.*

{¶16} This court granted an alternative writ. The respondents filed an answer, denying that they had violated any statutory provisions. Both sides filed cross-motions for summary judgment.

### Ames I

{¶17} In *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2019-P-0125, 2020-Ohio-4359 ("*Ames I*"), this court granted the respondents' motion, denied Mr. Ames's motion, and denied the writs. *Id.* at ¶ 16-17. This court made the following determinations:

{¶18} First, the SWMD board is "a valid public body authorized to conduct business with regard to implementing a solid waste management plan that complies with R.C. 3734.55" and was subject to the OMA. *Id.* at ¶ 11. Second, the use of the SWMD board and the use of consent agendas to approve routine resolutions did not conflict with the OMA or any other law. *Id.* at ¶ 14. Third, the board's failure to include Exhibit A in its email response to Mr. Ames's public records request did not violate the OMA. *Id.* at ¶ 15.

### Ames II

{¶19} Mr. Ames's appealed to the Supreme Court of Ohio as of right. In *Ames II*, the Supreme Court of Ohio affirmed in part, reversed in part, and remanded for further proceedings. *Id.* at ¶ 1. The court made the following determinations:

Case No. 2019-P-0125

{¶20} First, a solid waste management district is a political subdivision unto itself, separate from a county, although it is governed by the board of county commissioners that created it. *Id.* at ¶ 14. The board validly created the SWMD by resolution in 1988, and the OMA does not prohibit the board from holding a public meeting of the SWMD separate from the county board meeting. *Id.* at ¶ 15. Although Mr. Ames distinguished between the SWMD and the SWMD board in his petition and filings, the Supreme Court of Ohio did not make this distinction.

{¶21} Second, while the OMA "does not appear to prevent the board from using consent agendas as a general matter," Mr. Ames had raised a plausible theory sufficient to survive a motion for summary judgment, i.e., that the board's use of a consent agenda constructively closed its public meetings and was an "impermissible end run around" the OMA. *Id.* at ¶ 19.

{¶22} Third, the minutes for the September 2019 meetings "satisfied R.C. 121.22(C) * * * [i]n large part." *Id.* at ¶ 22. However, the approved minutes of the September 17, 2019 meeting were inaccurate in one respect – Exhibit A was not attached to the official minutes that the board's clerk prepared or included with the documents she produced to Mr. Ames. *Id.* Therefore, the "uncontroverted evidence" showed that the board did not produce full and accurate minutes of the September 17 SWMD meeting. *Id.* at ¶ 24.

{¶23} Finally, a court of common pleas is not a proper respondent in a mandamus action. *Id.* at ¶ 26. "R.C. 121.22(I) provides for issuance of an injunction and the award of costs and attorney fees only for a violation or threatened violation of the Open Meetings Act proven *in the court of common pleas*." (Emphasis sic.) *Id.* at ¶ 27. Mr. Ames "cannot

6

use mandamus as a way to bypass the statute's requirement that a violation be proven in an R.C. 121.22(I) proceeding in the common pleas court." *Id.*

{¶24} Thus, the court affirmed summary judgment and denial of mandamus relief as to the common pleas court but reversed it as to the board and the SWMD. *Id.* at ¶ 28. The court ordered the board to "produce Exhibit A to the minutes of the September 17 SWMD meeting to [Mr.] Ames in response to his public-records request.'" *Id.* It remanded the matter to this court to consider "(1) whether the SWMD's alleged violation of the [OMA] entitles [Mr.] Ames to further relief and (2) whether [Mr.] Ames should be awarded statutory damages under the Public Records Act." *Id.*

{¶25} Mr. Ames filed a motion for reconsideration in the Supreme Court of Ohio based on his proposed distinction between the SWMD and the SWMD board, which the court denied. *See State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 164 Ohio St.3d 1433, 2021-Ohio-3091, 173 N.E.3d 515.[1]

{¶26} The respondents filed in this court a motion for leave to file a pre-hearing brief, along with a proposed pre-hearing brief, in anticipation of an agreed statement of facts or an evidentiary hearing under Loc.Adm.R. 101. Mr. Ames filed a brief in opposition.

{¶27} We issued an alternative writ and ordered the parties to file supplemental briefs and additional evidentiary quality material, if any. We also denied the respondents' motion for leave as moot.

---

1. Justice Brunner concurred in part and dissented in part, writing that she "would grant limited reconsideration to clarify that appellee, the Portage County Board of Commissioners, may convene itself as the solid-waste-management district board of the county when no such separate board has been created in the county, and thus, any distinction between the two is substantively one without a difference and is inconsequential to the court's prior decision."

Case No. 2019-P-0125

**{¶28}** Both sides subsequently filed supplemental briefs and response briefs. This matter is now before us for consideration of the merits in accordance with the Supreme Court of Ohio's order of remand.

## Summary Judgment Standard

**{¶29}** Civ.R. 56(C) provides that before summary judgment is granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Levin v. Schremp*, 73 Ohio St.3d 733, 734, 654 N.E.2d 1258 (1995).

## Writ of Mandamus Standard

**{¶30}** Appellate courts have jurisdiction to hear an original action in mandamus pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution. "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "'The function of mandamus is to compel the performance of a present existing duty as to which there is a default.'" *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 168, 451 N.E.2d 1200 (1983), quoting *State ex rel. Fed. Homes Properties, Inc. v. Singe*r, 9 Ohio St.2d 95, 96, 223 N.E.2d 824 (1967).

**{¶31}** To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the

8

ordinary course of the law. *State ex rel. Gadell-Newton v. Husted*, 153 Ohio St.3d 225, 2018-Ohio-1854, 103 N.E.3d 809, ¶ 6.

## Alleged OMA Violation

{¶32} The first issue on remand is whether the SWMD's alleged violation of the OMA entitles Mr. Ames to further relief. *See Ames II* at ¶ 28.

{¶33} R.C. 121.22(A) provides that the OMA "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(C) provides that "[a]ll meetings of any public body are declared to be public meetings open to the public at all times." The term "meeting" means "any prearranged discussion of the public business of the public body by a majority of its members." R.C. 121.22(B)(2).

{¶34} The Supreme Court of Ohio described Mr. Ames's OMA claim as follows:

{¶35} "In this case, the board approved multiple consent agenda items in a single vote. Although the vote itself was conducted in an open meeting, [Mr.] Ames contends that the board did not state or otherwise make public at the time of the meeting the specific resolutions being voted on as part of the consent agenda. He asserts that by failing to inform the public which resolutions were being voted on, this process effectively resulted in the board voting on the individual resolutions in secret. * * * While the [OMA] does not appear to prevent the board from using consent agendas as a general matter, [Mr.] Ames has raised a plausible theory—sufficient to survive a motion for summary judgment—that the board's use of a consent agenda in this manner constructively closes its public meetings and is an impermissible end run around the [OMA]." *Ames II* at ¶ 19.

9

{¶36} Even if we assume that the board's use of a consent agenda constitutes a violation of the OMA, Mr. Ames must establish his entitlement to the requested extraordinary relief in mandamus.

{¶37} The Supreme Court of Ohio most recently considered an open-meetings mandamus claim in *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553 ("*ACLU*"). In that case, a committee and workgroups developed recommendations regarding Cuyahoga County's transition to a charter form of government. *See id.* at ¶ 2-9. The ACLU filed an original action in the Supreme Court of Ohio, requesting, in relevant part, "a peremptory writ of mandamus directing the Respondents * * * to conduct all meetings in public." *Id.* at ¶ 16, 27.

{¶38} The court rejected the respondents' argument that the ACLU's claim was "an ill-disguised claim for a declaratory judgment and prohibitory injunction." *Id.* at ¶ 25. The court determined that the ACLU's complaint properly invoked its original jurisdiction and that the ACLU did not have an adequate remedy in the ordinary course of law. *Id.* at ¶ 26. According to the court, the injunctive relief that R.C. 121.22(I) affords does not prevent a mandamus action. *Id.* Further, a prohibitory injunction would not provide the ACLU with the relief it requested, i.e., an order compelling the respondents to hold all of the committee and workgroup meetings in public. *Id.*

{¶39} However, the court determined that the ACLU had not established a clear legal right or a corresponding clear legal duty. *See id.* at ¶ 27-31. The court found that "[i]nsofar as the ACLU's request for relief could be construed as requesting a writ of mandamus to compel compliance with R.C. 121.22 by respondents in the future," the

10

ACLU was not entitled to this relief. *Id.* at ¶ 27. According to the court, "[a] 'writ of mandamus will not issue to compel the general observance of laws in the future.'" *Id.*, quoting *State ex rel. Kirk v. Burcham*, 82 Ohio St.3d 407, 409, 696 N.E.2d 582 (1998).

{¶40} Further, the evidence established that the respondents were complying with R.C. 121.22 by conducting open meetings. *Id.* at ¶ 28. According to the court, "'[m]andamus will not compel the performance of an act that has already been performed.'" *Id.*, quoting *State ex rel. Dehler v. Kelly*, 123 Ohio St.3d 297, 2009-Ohio-5259, 915 N.E.2d 1223, ¶ 1.

{¶41} Thus, the court determined that the ACLU had not established "a clear legal right to a writ of mandamus directing respondents to conduct all meetings in public" or a "corresponding clear legal duty on the part of the respondents to do so." *Id.* at ¶ 31.

{¶42} Mr. Ames requests, in relevant part, a writ of mandamus compelling the board to conduct all SWMD business in open meetings of the board except for properly called executive sessions.[2] Based on *ACLU*, Mr. Ames's OMA mandamus claim properly invokes this court's original jurisdiction in mandamus, and he does not have an adequate remedy at law in the common pleas court. *See id.* at ¶ 25-26. Therefore, the dispositive issue is whether Mr. Ames has established a clear legal right and a clear legal duty.

{¶43} To the extent Mr. Ames seeks to compel the board's general compliance with the OMA in the future, Mr. Ames is not entitled to such relief in mandamus. *See ACLU* at ¶ 27; *Kirk* at 409.

---

2. Mr. Ames also requests a writ of mandamus compelling the board to prepare, file, and maintain accurate minutes for the September 2019 SWMD meetings and future meetings. The Supreme Court of Ohio granted the relief to which Mr. Ames is entitled in relation to the board's minutes. *See Ames II* at ¶ 22, 28. Thus, this portion of Mr. Ames's request is moot.

11

Case No. 2019-P-0125

{¶44} To the extent Mr. Ames seeks to prohibit the board from using a consent agenda for SWMD business, that act has already been performed. The board submitted affidavits from two of the county commissioners, who both averred that the board "no longer uses a consent agenda process for any county business, including that concerning [the SWMD]." Mr. Ames has not disputed these assertions. Since the board has already performed the requested act, mandamus relief is precluded. *See ACLU* at ¶ 28; *Dehler* at ¶ 1.

{¶45} Accordingly, Mr. Ames has not established a clear legal right to a writ of mandamus directing the board to conduct all meetings in public or a corresponding clear legal duty on the part of the board to do so.

### Statutory Damages

{¶46} The second issue on remand is whether Mr. Ames should be awarded statutory damages under the Public Records Act. *See Ames II* at ¶ 28.

{¶47} "Under R.C. 149.43(C)(2), the 'requester shall be entitled to recover' statutory damages if (1) he submits a written request 'by hand delivery, electronic submission, or certified mail,' (2) the request 'fairly describes the public record or class of public records,' and (3) 'a court determines that the public office or the person responsible for public records *failed to comply with an obligation*' imposed by R.C. 149.43(B)." (Emphasis added.) *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 163 Ohio St.3d 304, 2021-Ohio-1176, 170 N.E.3d 19, ¶ 25, quoting R.C. 149.43(C)(2)

{¶48} "Statutory damages accrue 'at one hundred dollars for each business day during which the public office or person responsible for the requested public records *failed to comply [with an obligation in accordance with division (B) of this section]*, beginning

12

with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars.'" (Emphasis added.) *Id.* at ¶ 25, quoting R.C. 149.43(C)(2).

{¶49} The relevant inquiry is whether the board failed to comply with an obligation imposed by R.C. 149.43(B). Mr. Ames contends that the Supreme Court of Ohio already made this determination in *Ames II*. He further contends that the court's discussion indicates that the board failed to comply with R.C. 149.43(B)(2), which provides, in relevant part, that "[t]o facilitate broader access to public records, a public office or the person responsible for public records shall organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with division (B) of this section."

{¶50} We disagree with Mr. Ames's assertions. The Supreme Court did not state that the board failed to comply with a specific obligation in division (B) of R.C. 149.43. Rather, the court determined that "the uncontroverted evidence shows that the board did not produce full and accurate minutes of the September 17 SWMD meeting in response to [Mr.] Ames's public-records request * * *." *Id.* at ¶ 24.

{¶51} The court's precedent indicates that this obligation arises from the court's in pari materia construction of the OMA, the Public Records Act, and R.C. 305.10. *See White v. Clinton Cty. Bd. of Commrs.*, 76 Ohio St.3d 416, 667 N.E.2d 1223 (1996), paragraph one of the syllabus ("R.C. 121.22, 149.43 and 305.10, when read together, impose a duty on all boards of county commissioners to maintain a full and accurate record of their proceedings"); *State ex rel. Long v. Cardington Village Council*, 92 Ohio St.3d 54, 56, 748 N.E.2d 58 (2001) ("Construing R.C. 121.22, 149.43, and 733.27 *in pari*

13

*materia*, respondents, * * * have a duty to prepare, file, and maintain full and accurate minutes for council meetings, and to make them available for public inspection").

{¶52} As the court explained in *Ames II*, "R.C. 121.22(C) requires a public body to prepare, file, and maintain minutes of its meetings. * * * Once prepared, R.C. 149.43(B) requires that the public body provide access to the minutes upon request. * * * In addition, R.C. 305.10 requires that the clerk of a county board of commissioners keep a full record of the board's proceedings. * * * Mandamus is a proper remedy to compel compliance with a public office's duty to prepare, file, and maintain full and accurate meeting minutes." *Id.* at ¶ 21.

{¶53} In addition, there is no evidence suggesting that the "manner" in which the board organized and maintained its meeting minutes was faulty pursuant to R.C. 149.43(B)(2). The board's clerk averred that the SWMD's minutes are maintained in separate journals at the county administration building, and it is undisputed that the board responded to Mr. Ames's public records request the next day.

{¶54} Rather, the evidence establishes that the board failed to *prepare* full and accurate minutes for the September 17 meeting by neglecting to attach a referenced exhibit. As a result, the September 17 minutes that the board approved and produced to Mr. Ames were necessarily not full and accurate. The fact that the minutes the board produced to Mr. Ames contained an inaccuracy does not constitute a failure to comply with R.C. 149.43(B). *See State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913, ¶ 34 (finding that a township fiscal officer "fully complied with her duties under R.C. 507.04, 121.22, and

14

Case No. 2019-P-0125

149.43" by certifying resolutions and including mistakes that had been approved by the board).

{¶55} Accordingly, Mr. Ames has not established that the board failed to comply with an obligation imposed by R.C. 149.43(B). Therefore, he is not entitled to statutory damages under the Public Records Act.

{¶56} For the foregoing reasons, respondents' motion for summary judgment is granted, and Mr. Ames's motion for summary judgment is overruled. Mr. Ames's petition for writs of mandamus and request for statutory damages are denied.


CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., JOHN J. EKLUND, J., concur.

15