[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Krouskoupf v. Muskingum Cty. Common Pleas Court*, Slip Opinion No. 2025-Ohio-585.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-585

KROUSKOUPF, APPELLANT, *v.* MUSKINGUM COUNTY COMMON PLEAS COURT, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Krouskoupf v. Muskingum Cty. Common Pleas Court*, Slip Opinion No. 2025-Ohio-585.]

*Mandamus—A court of common pleas is not sui juris, and suing an entity that is not sui juris is a ground for dismissal—Court of appeals' judgment granting motion to dismiss affirmed.*

(No. 2024-1318—Submitted January 7, 2025—Decided February 26, 2025.)

APPEAL from the Court of Appeals for Muskingum County, No. CT2024-0098.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

**{¶ 1}** Appellant, Harry H. Krouskoupf III, appeals the decision of the Fifth District Court of Appeals dismissing his petition for a writ of mandamus ordering the Muskingum County Court of Common Pleas to correct two entries that amended the July 23, 2019 sentence it had imposed for his conviction on two counts of robbery and reinstate its original sentence. For the reasons that follow, we affirm the judgment of the court of appeals.

## Procedural Background

**{¶ 2}** Krouskoupf is an inmate at the Noble Correctional Institution. In his mandamus complaint, Krouskoupf explains that on July 19, 2019, he withdrew his not-guilty plea in a criminal case, *State v. Krouskoupf*, Muskingum C.P. No. CR2018-0007, and entered into a stipulated guilty plea to two amended counts of robbery, felonies of the second and third degree, respectively. The trial court imposed an aggregate prison sentence of 11 years for those offenses, and it also terminated Krouskoupf's postrelease control from an earlier case and ordered him to serve the remainder of the time left on his postrelease control in prison. Krouskoupf then filed a timely notice of appeal, alleging that he had not knowingly, intelligently, and voluntarily entered the plea, because the trial court had failed to advise him of the penalty that it was imposing for his violation of the previously imposed term of postrelease control. *See State v. Krouskoupf*, 2020-Ohio-1220, ¶ 10 (5th Dist.).[1] Krouskoupf's mandamus complaint alleges that while that appeal was pending, the trial court "amended his sentence illegally" through two separate entries filed on August 27 and September 9, 2019. The disputed entries reduced Krouskoupf's jail-time credit from 564 days under the trial court's July 23, 2019 entry to just 70 days under its September 9 entry. Krouskoupf contends that those amendments were not predicated on a clerical error and are therefore void.

---

1. The Fifth District Court of Appeals overruled Krouskoupf's sole assignment of error in that appeal. *Krouskoupf*, 2020-Ohio-1220 at ¶ 17 (5th Dist.).

**{¶ 3}** Krouskoupf asserts that he has previously attempted to correct the alleged error "through a series of motions and appeals." And because those efforts were unsuccessful, he filed a "Motion to Vacate Entry" in the trial court in July 2024. Following the denial of that motion, Krouskoupf filed this mandamus action seeking an order directing the trial court to correct its August 27 and September 9, 2019 amended entries so that "his sentence might reflect the properly imposed sentence from the July 23, 2019 Journal Entry."

**{¶ 4}** On September 4, 2024, the trial court filed a motion to dismiss Krouskoupf's mandamus complaint. The court of appeals granted the common pleas court's motion to dismiss on three procedural grounds. No. CT2024-0098 (5th Dist. Sept. 10, 2024).

**{¶ 5}** First, the court of appeals held that Krouskoupf did not comply with the mandatory filing requirements of R.C. 2731.04. *Id*. at 1. That statute provides that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." R.C. 2731.04. And a petition for a writ of mandamus may therefore "be dismissed for failure to bring the action in the name of the state." *Shoop v. State*, 2015-Ohio-2068, ¶ 10, citing *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 34.

**{¶ 6}** Second, the court of appeals held that Krouskoupf improperly brought his mandamus complaint against the Muskingum County Court of Common Pleas because a trial court is not sui juris and therefore cannot be sued. No. CT2024-0098 at 1-2 (5th Dist. Sept. 10, 2024), citing *State ex rel. Smith v. Hamilton Cty. Court of Common Pleas*, 2024-Ohio-2779, ¶ 7 ("A court of common pleas is not sui juris, and suing an entity that is not sui juris is a ground for dismissal.").

**{¶ 7}** And finally, the court of appeals held that Krouskoupf failed to comply with R.C. 2969.25(A), which requires an inmate commencing a civil action in a court of appeals to file an affidavit describing each civil action or appeal of a civil action that the inmate had filed in the previous five years. No. CT2024-0098

at 2 (5th Dist. Sept. 10, 2024). The court of appeals determined that Krouskoupf had filed two other complaints for writs of mandamus in that court in 2022—namely, *State ex rel. Krouskoupf v. Dept. of Rehab. & Corr.*, Muskingum App. No. CT2022-0002, filed on January 6, 2022, and *State ex rel. Krouskoupf v. Dept. of Rehab. & Corr.*, Muskingum App. No. CT2022-0012, filed on February 28, 2022.[2]

{¶ 8} Krouskoupf appealed the Fifth District's judgment as of right.

**Analysis**

{¶ 9} In his brief to this court, Krouskoupf asserts that the court of appeals abused its discretion when it denied his writ of mandamus. But rather than address each of the procedural grounds supporting the appellate court's judgment, Krouskoupf argues the merits of his mandamus claim.[3] Specifically, he asserts that the trial court lacked jurisdiction to amend his criminal sentence while his direct appeal of the conviction was pending. He therefore contends that he has a clear legal right to the requested relief, that the trial court has a clear legal duty to provide that relief, and that he has no adequate remedy in the ordinary course of the law. *See State ex rel. Mobley v. Noble*, 2024-Ohio-1291, ¶ 11.

{¶ 10} The closest Krouskoupf comes to challenging the appellate court's rationale for dismissing his case is his assertion that "when the Fifth District Court of Appeals chose to deny his writ of mandamus, it did so under the idea that his writ of mandamus did not name a party that he was pressing a suit against." He claims that the appellate court committed "clear error" because "this very Court has stated in its own law manual that a writ of mandamus is used to compel a lower

---

2. Although the court of appeals noted that those cases were filed in 2022, due to apparent typographical errors, the court misidentified them with 2024 case numbers. *See* No. CT2024-0098 at 2 (5th Dist. Sept. 10, 2024).

3. Krouskoupf's sole proposition of law asserts: "The Fifth District Court of Appeals abused its discretion and erred to the prejudice of Appellant, Harry H. Krouskoupf III, when it denied his writ of mandamus in regards to compelling the trial court judge to vacate his amended entries that were made while there was a pending appeal and to reinstate his July 19, 2019 sentence."

court to perform its mandatory duties." We interpret this argument as a challenge to the Fifth District's determination that a trial court is not sui juris and cannot be sued.

{¶ 11} "As a fundamental matter, a court of common pleas is not a proper respondent in a mandamus action." *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2021-Ohio-2374, ¶ 26. That is because "[a] court is not sui juris and, absent express statutory authority, can neither sue nor be sued in its own right." *Id.*, citing *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121 (1973). "'Sui juris' means 'possessing full capacity and rights to sue or be sued.'" *Estate of Fleenor v. Ottawa Cty.*, 2022-Ohio-3581, ¶ 3, fn. 1, quoting *Mollette v. Portsmouth City Council*, 2006-Ohio-6289, ¶ 1 (4th Dist.). Here, Krouskoupf has not identified any statutory authority that would allow a court of common pleas to be sued in mandamus or otherwise.

{¶ 12} Furthermore, Krouskoupf has failed to challenge the other grounds supporting the court of appeals' judgment dismissing his mandamus complaint. Therefore, Krouskoupf has failed to establish that the court of appeals erred in dismissing his complaint for a writ of mandamus.

## Conclusion

{¶ 13} Accordingly, we affirm the judgment of the Fifth District Court of Appeals.

Judgment affirmed.

_____

Harry H. Krouskoupf III, pro se.

Ronald L. Welch, Muskingum County Prosecuting Attorney, and Mark A. Zanghi, Assistant Prosecuting Attorney, for appellee.

_____