[Cite as *State ex rel. Cosavage v. Summit Cty. Court of Common Pleas*, 2026-Ohio-1940.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO EX REL. FLOYD J.
COSAVAGE, JR.

    Relator

    v.

SUMMIT COUNTY COURT OF
COMMON PLEAS

    Respondent

C.A. No.     31811

ORIGINAL ACTION IN MANDAMUS

Dated: May 27, 2026

PER CURIAM.

{¶1}  Relator, Floyd Cosavage, Jr., has petitioned this Court for a writ of mandamus against Respondent, the Summit County Court of Common Pleas.  He seeks to compel the court to adjudicate jurisdictional challenges he allegedly raised in a criminal matter.

{¶2}  Upon review of the complaint, this Court concludes that the complaint must be sua sponte dismissed because "the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 14.  The only named respondent in the complaint is the Summit County Court of Common Pleas.  "[A] court of common pleas is not a proper respondent in a mandamus action." *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2021-Ohio-2374, ¶ 26.  That is because "[a] court is not sui juris and, absent express statutory authority, can neither sue nor be sued in its own right." *Id.*, citing *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121 (1973).  Mr. Cosavage has not identified

any statutory authority that would allow a court of common pleas to be sued in mandamus or otherwise, so his complaint is subject to dismissal. *See Krouskoupf v. Muskingum Cty. Common Pleas Court*, 2025-Ohio-585, ¶ 11.

{¶3} This Court also would note that Mr. Cosavage never paid a cost deposit at the time of filing his original action. *See* Loc.R. 3.1(B). Loc.R. 3.1 requires a relator to pay a deposit or seek a waiver of that deposit when filing an original action. Although Mr. Cosavage filed an affidavit of indigency, he did not use the form/affidavit of indigency approved by the Ohio Public Defender's Office. *See* Loc.R. 3.1(C)(1). Moreover, the declaration he included in his filing is not notarized, so it does not constitute an affidavit. *See State ex rel. Reeves* at ¶ 3. Accordingly, Mr. Cosavage failed to comply with Loc.R. 3.1 when he filed his petition.

{¶4} Mr. Cosavage's petition is dismissed. Costs of this action are taxed to Mr. Cosavage. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

FLOYD J. COSAVAGE, JR., Pro Se, for Relator.