[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, Slip Opinion No. 2021-Ohio-1176.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1176

THE STATE EX REL. ARMATAS, APPELLANT, *v*. PLAIN TOWNSHIP BOARD OF TRUSTEES, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, Slip Opinion No. 2021-Ohio-1176.]

*Public records—R.C. 149.43—Mandamus—Statutory damages and court costs— Under the "quasi-agency" test, a public-records requester is entitled to documents from a public office relating to duties of the office when the office has delegated the duties to a private entity—Court of appeals' judgment reversed in part and affirmed in part and statutory damages and court costs awarded to relator.*

(No. 2020-0479—Submitted January 12, 2021—Decided April 8, 2021.)

APPEAL from the Court of Appeals for Stark County,

No. 2019CA00141, 2020-Ohio-1225.

_____

**Per Curiam.**

{¶ 1} In this public-records case, appellant, Steven A. Armatas, sought a writ of mandamus in the Fifth District Court of Appeals to order appellee, Plain Township Board of Trustees, to produce an invoice for legal services performed on the township's behalf. The township declined to produce the invoice, because the attorneys who performed the services for the township were hired and supervised by the claims administrator for the risk-management pool to which the township belonged; the township therefore claims that it did not possess the invoice and has no duty to provide it.

{¶ 2} The court of appeals denied the writ and Armatas's related claims for statutory damages, attorney fees, and court costs. We reverse the judgment of the court of appeals in part and affirm it in part. We hold that Armatas is entitled to a writ of mandamus, statutory damages, and an award of court costs, but we affirm the court of appeals' judgment denying an award of attorney fees.

## I. BACKGROUND

{¶ 3} On December 10, 2018, Armatas sent an e-mail to the township's administrator requesting "copies of any invoices for legal services performed for Plain Township by Baker, Dublikar[, Beck, Wiley & Mathews] with respect to" three township matters clearly identified by Armatas about which he was interested. The township's administrator replied by e-mail the next day, acknowledging receipt of the request and stating that she would "gather [the] requested materials." But for a period of many months, Armatas received neither access to the records nor a written denial of his request.

{¶ 4} On September 16, 2019, Armatas filed this mandamus action in the Fifth District. Thereafter, Armatas received a letter dated September 30, 2019, from James F. Mathews, counsel for the township and a member of the law firm that had performed the legal services for which Armatas seeks the related invoice. The letter included the language "Evid.R. 408 communication" in its caption and

2

contained a settlement proposal—an offer of compromise that is ordinarily inadmissible under Evid.R. 408.  The township filed an answer adopting the letter as its formal denial of Armatas's public-records request.[1]  The township also admitted in its answer that "following the acknowledgment of the request by the Administrator, inadvertently, [Armatas] was not informed that there was no record kept by the township responsive to the request, until after the filing of the complaint."

{¶ 5} Armatas filed a summary-judgment motion, which was denied, and the parties submitted evidence and briefs.

{¶ 6} The township filed as evidence affidavits of the township's administrator, Mathews, and the billing manager of Mathews's law firm showing that the township is a member of the Ohio Township Association Risk Management Authority ("OTARMA") and that Public Entity Risk Services of Ohio ("PERSO") is OTARMA's claims administrator.  With respect to the three matters that Armatas referred to in his records request, PERSO, rather than the township, had hired the attorneys and any invoices for the legal services were sent to PERSO rather than the township.  The township's administrator explained in her affidavit that "[t]he only time that Plain Township may receive a copy of a third-party law firm invoice submitted to PERSO [is] when the work in question falls within the Township's deductible under the OTARMA Legal Defense and Claim Payment Agreement."

{¶ 7} The township submitted evidence showing that only one invoice was responsive to Armatas's request and it argued that the invoice is not a public record, because the township never possessed the invoice and the invoice did not document the township's own operations.

---

1. Under Evid.R. 408, we may consider the September 30 letter sent by Mathews to the extent that it has been offered and treated by the parties as the township's explanation of its basis for denying Armatas's records request.  But the affidavits filed by the township as evidence, not the letter, constitute the evidence relevant to the township's denial of Armatas's request.

**{¶ 8}** The Fifth District agreed with the township's argument and denied the writ. 2020-Ohio-1225, ¶ 15, 30-32, 35-36, 45. The court of appeals further held that the township's initial response to Armatas's request by the township's administrator was not evidence of the township's bad faith. *Id.* at ¶ 26. And the court determined that evidence of an alleged telephone conversation during which the township's administrator allegedly explained to Armatas that the township did not possess the invoice was immaterial to the outcome. *Id*. at ¶ 37-40.[2]

**{¶ 9}** Having denied the writ, and because Armatas was a pro se litigant, the court of appeals rejected Armatas's claims for statutory damages and attorney fees. *Id*. at ¶ 41-43. The court of appeals awarded court costs to the township. *Id.* at ¶ 46.

**{¶ 10}** Armatas appealed to this court as of right.

## II. ANALYSIS

### A. Burden of proof and standard of review

**{¶ 11}** Armatas, as the relator seeking mandamus, bears the burden of showing his entitlement to the writ by clear and convincing evidence. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 16. Here, the township defends its actions not by invoking an exception to Ohio's Public Records Act, R.C. 149.43, but by arguing that Armatas has failed to sustain his burden of showing a clear legal right to access the invoice he requested and establishing a clear legal duty on the part of the township

---

2. In her affidavit, the township's administrator alleged that she had a telephone conversation with Armatas in late 2018 or early 2019, during which she explained the township's position that the requested invoices were not public records in the township's possession. Armatas has forcefully disputed that the telephone call occurred. But as Armatas has also maintained, evidence of the alleged oral conversation is inadmissible because it contradicts admissions in the township's answer to Armatas's complaint—which the township failed to amend under Civ.R. 15. *See* Civ.R. 8(B) and (D); *Duncan v. Charter One Bank*, 4th Dist. Scioto No. 02CA2855, 2003-Ohio-1907, ¶ 15 ("Parties cannot simply repudiate their written admissions at pleasure"); *Stevens v. Cox*, 6th Dist. Wood No. WD-08-020, 2009-Ohio-391, ¶ 57 (same).

to provide it. *See State ex rel. Penland v. Ohio Dept. of Rehab. & Corr.*, 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, ¶ 9.

{¶ 12} We review the judgment of a court of appeals in a mandamus action as if it had been filed originally in this court. *State ex rel. Haynie v. Rudduck*, 160 Ohio St.3d 99, 2020-Ohio-2912, 153 N.E.3d 91, ¶ 10. We also review de novo the court of appeals' determinations concerning statutory damages and attorney fees. *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136, ¶ 13-14, *superseded by statute on other grounds as stated in State ex rel. Cincinnati Enquirer v. Cincinnati*, 157 Ohio St.3d 290, 2019-Ohio-3876, 135 N.E.3d 772.

**B. Armatas is entitled to a writ of mandamus under the quasi-agency test**

{¶ 13} R.C. 149.43(A)(1) defines "public record" as "records kept by any public office, including * * * [a] township * * *." That definition is further refined by R.C. 149.011(G), which defines "records" to include "any document * * * created or received by or coming under the jurisdiction of any public office * * * [that] serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." Invoices for legal services provided to public offices are public records to the extent that they contain only nonprivileged information (privileged communications must be redacted). *See State ex rel. Anderson v. Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320, 980 N.E.2d 975, ¶ 13; *see also State ex rel. Dawson v. Bloom Carroll Local School Dist.*, 131 Ohio St.3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 26-28.

*1. The invoice at issue is a public record under the quasi-agency test*

{¶ 14} Public-records requests typically involve a request to a public office for records kept by the office that document its official activities. *See* R.C. 149.43(A)(1) and 149.011(G). However, in cases in which a public office receives a request for records that are in the possession of a private entity, we have articulated a "quasi-agency" test for determining whether the records are connected

to the public office's delegation of its duty to the private entity. *See State ex rel. Am. Civ. Liberties Union of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 52-53. Even if the public office does not "create" or "receive" the records, the records may nonetheless be "under the jurisdiction" of the public office, R.C. 149.011(G). *See also Am. Civ. Liberties Union of Ohio* at ¶ 52-53.

{¶ 15} Here, the court of appeals characterized the quasi-agency test as the basis for determining whether *a private entity* is subject to the public-records requirements of R.C. 149.43. 2020-Ohio-1225 at ¶ 31. Indeed, we have applied the quasi-agency test to a private entity and determined that a private entity may be required to produce public records. *See, e.g.*, *State ex rel. Toledo Blade Co. v. Ohio Bur. of Workers' Comp.*, 106 Ohio St.3d 113, 2005-Ohio-3549, 832 N.E.2d 711, ¶ 19-20; *State ex rel. Cincinnati Enquirer v. Krings*, 93 Ohio St.3d 654, 657-658, 758 N.E.2d 1135 (2001). But that is not the issue presented in this case. Here, we must determine whether the quasi-agency test requires the public office itself—the township—to produce records based on its delegation of its public duty to a private entity.[3]

{¶ 16} The quasi-agency theory applies when " '(1) a private entity prepares records in order to carry out a public office's responsibilities, (2) the public office is able to monitor the private entity's performance, and (3) the public office has access to the records for this purpose.' " *Am. Civ. Liberties Union of Ohio* at ¶ 53, quoting *State ex rel. Mazzaro v. Ferguson*, 49 Ohio St.3d 37, 39, 550 N.E.2d 464 (1990). The caselaw demonstrates, however, that when a requester has

---

3. When a public-records request is directed at a private entity and seeks records that document its operations, we ask whether the private entity is "functionally equivalent" to a public office. *See State ex rel. Bell v. Brooks*, 130 Ohio St.3d 87, 2011-Ohio-4897, 955 N.E.2d 987, ¶ 18-20. Notably, in *Brooks*, we held that a risk-management pool similar to OTARMA was not functionally equivalent to a public office. *Id.* at ¶ 26-27, 29. But even if OTARMA does not qualify as a public office under *Brooks*, that does not prevent the application of the quasi-agency test to documents in its possession that are "under the jurisdiction" of a township that is one of its members.

adequately proved the first prong of the quasi-agency test, the requester has met his burden: proof of a delegated public duty establishes that the documents relating to the delegated functions are public records.

{¶ 17} For example, in *State ex rel. Gannett Satellite Information Network v. Shirey*, 78 Ohio St.3d 400, 678 N.E.2d 557 (1997), a newspaper company sought records relating to applications for a position with a city, and the city had retained a private consultant to process the applications. We held not only that the hiring of the consultant "did not alter the public nature" of the records but also that addressing a public-records request to the city was proper—despite provisions in the city's contract with the consultant that interfered with the city's ability to monitor the consultant's performance or to access the requested records: "[E]ven assuming that [the requester] did not establish that * * * the relationship between the city and [the consultant] satisfied the tripartite test in [*Mazzaro*], it is evident that * * * a public official contracted with a private entity for a public purpose." *Id.* at 403-404. Of similar import is our decision in *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.*, 80 Ohio St.3d 134, 137, 684 N.E.2d 1222 (1997), in which we held that a confidentiality provision in a settlement agreement entered into by a public office did not preclude a document from being a public record, even though the document was in the possession of the public office's private attorney rather than the public office itself.

{¶ 18} It follows from our holdings in those cases that a requester fulfills his burden once he sufficiently shows that the public office delegated the public duty to which the requested records relate. When such a delegation has been proved, contractual impediments to the public office's ability to monitor a contractor's performance and to access documents in the contractor's possession do not affect the office's public-records responsibilities. Our decision in *Am. Civ. Liberties Union of Ohio*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, is consistent with this determination. In that case, although we held that the requester

had not carried its burden of showing that the public office was able to monitor the private entities' performance and to access the records, that holding depended on our earlier conclusion in that case that there had been no delegation of public duties from the public office to the private entities. *See id*. at ¶ 44, 51, 54.

{¶ 19} In this case, the township contends that because the trustees are not attorneys and because the township has no duty to defend against lawsuits, PERSO's decision to hire lawyers to represent the township does not involve the delegation of a public duty of the township. We reject that argument.

{¶ 20} The township is "a body politic and corporate" that "may sue and be sued, plead and be impleaded." R.C. 503.01. The prosecution and defense of such lawsuits involves a public duty of the township and its trustees. In connection with such lawsuits, the township and its trustees must take whatever action is necessary and appropriate to protect the public interest—including hiring and supervising lawyers. *See id.* Although the township here has delegated that duty by becoming a member of OTARMA, the township still occupies one side of the bilateral formal relationship between an attorney and client—a relationship that persists even when an insurer hires an attorney and exercises substantial control over the course of litigation. *See* Prof.Cond.R. 1.8(f) (preserving the client's rights and protecting the client's interest when the attorney is compensated by a third party).

{¶ 21} The township's duty to obtain appropriate legal representation is analogous to other public duties that were delegated by public offices in cases in which we applied the quasi-agency test. *See, e.g.*, *Mazzaro*, 49 Ohio St.3d at 39, 550 N.E.2d 464 (because a private entity was hired to perform a periodic audit that the state auditor otherwise had a legal duty to perform, the audit records were "within the Auditor's jurisdiction," even though they were in the possession of the private entity); *Shirey*, 78 Ohio St.3d at 403-404, 678 N.E.2d 557 (city was responsible for records relating to the hiring of a city official, even though the records were in the possession of a private consultant and constituted the "property"

of the consultant under the contract); *Krings*, 93 Ohio St.3d at 657-658, 758 N.E.2d 1135 (county was responsible for cost-overrun records relating to a stadium that was built with public funds, even though the records were in the possession of private contractors).

{¶ 22} We conclude that because Armatas has proved that the requested legal invoice relates to a delegated public duty, he has satisfied the quasi-agency test and has shown that the legal invoice constitutes a public record.

*2. The invoice at issue comes under the township's jurisdiction and documents procedures and operations that the township delegated to OTARMA and PERSO*

{¶ 23} The township contends that because it delegates to others the hiring and payment of legal counsel, legal invoices relating to that delegation are not public records because they do not "document the organization, functions, policies, decisions, procedures, operations, or other activities" of the township under R.C. 149.011(G). But because that delegation involves public duties, this argument lacks merit.

{¶ 24} Although the township has largely submerged certain financial obligations in a risk-management pool, at some point the payment policies of OTARMA and PERSO will affect the township's insurance premiums or the township's contributions to the risk-management pool. The township's trustees have the obligation to ensure that the township's participation in OTARMA is the proper way to handle its obligations on behalf of its residents. Moreover, as the client of the lawyers hired by PERSO, the township must protect the public interest by knowing what and how its lawyers are being paid, to ensure the quality of the representation. Accordingly, the invoice documents public duties delegated by the township to a private entity and constitutes a public record under the township's jurisdiction. The township has a clear legal duty to make it available to Armatas, and we therefore hold that Armatas is entitled to a writ of mandamus.

## C. Armatas is entitled to statutory damages

{¶ 25} Under R.C. 149.43(C)(2), the "requester shall be entitled to recover" statutory damages if (1) he submits a written request "by hand delivery, electronic submission, or certified mail," (2) the request "fairly describes the public record or class of public records," and (3) "a court determines that the public office or the person responsible for public records failed to comply with an obligation" imposed by R.C. 149.43(B). Statutory damages accrue "at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply * * *, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars." R.C. 149.43(C)(2).

{¶ 26} Armatas submitted his request by e-mail, the request fairly described the records he was seeking, and the township failed to comply with R.C. 149.43(B)(1) by not producing the requested records promptly. Additionally, the township failed to provide a written explanation for denying the request, in violation of R.C. 149.43(B)(3), until after the filing of the mandamus action, despite the fact that the township's administrator initially indicated that the township would comply with the request.

{¶ 27} Armatas filed this mandamus action in September 2019 and he still has not been granted access to the requested records. He therefore is entitled to the maximum amount of statutory damages, unless circumstances justify a reduction of the award pursuant to R.C. 149.43(C)(2)(a) and (b). Those provisions authorize a court to reduce an award of statutory damages if it finds (1) that "a well-informed public office * * * reasonably would believe that the conduct * * * that allegedly constitutes a failure to comply with an obligation" imposed by R.C. 149.43(B) "did not constitute a failure to comply with an obligation" imposed by that provision, "based on the ordinary application of statutory law and case law as it existed at the time of the conduct," R.C. 149.43(C)(2)(a), *and* (2) that "a well-informed public

office * * * reasonably would believe that [its] conduct * * * would serve the public policy that underlies the authority that is asserted as permitting that conduct," R.C. 149.43(C)(2)(b).

{¶ 28} Significantly, R.C. 149.43(C)(2) requires that the findings upon which we might predicate a reduction not merely consist of reasonable grounds for denying Armatas's request. Instead, for this court to reduce the award of statutory damages, we must find that the township's "conduct" that Armatas alleges to have violated R.C. 149.43(B)—*all* such conduct—had a reasonable basis in legal authority and public policy. And as noted above, Armatas's complaint alleged not only a wrongful failure to produce requested records, but also a wrongful failure to provide a written denial explaining the township's reason for the denial. Significantly, the township's failure to provide a written explanation for the denial prior to the filing of the mandamus action followed the township's initial indication that it would comply with Armatas's request.

{¶ 29} R.C. 149.43(B)(3) states:

> If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied. If the initial request was provided in writing, the explanation also shall be provided to the requester in writing.

{¶ 30} The township contends that "R.C. 149.43 does not actually require a written response when there are simply no responsive documents, rather, the statute requires a written explanation only when the request is denied." We disagree. Quite simply, the township's determination that the legal invoice was not a public record in its possession constituted a denial of the request that required the township

11

to provide Armatas with a written explanation. And under these circumstances, the statutory requirement to provide a written explanation to Armatas was even more apparent because the township's administrator had initially stated in writing that the township would "gather [his] requested materials."

{¶ 31} Accordingly, we hold that the township lacked a reasonable legal basis for failing to provide Armatas with a written explanation for its denial before he filed his mandamus complaint and, as a result, no reduction of statutory damages is warranted. We therefore do not reach the question whether the township had a reasonable basis for denying access to the requested records.

### D. Armatas is entitled to an award of court costs

{¶ 32} R.C. 149.43(C)(3)(a)(i) provides for an award of court costs if a court orders the production of requested public records. Because the court of appeals erred by not granting the writ, it also erred by awarding court costs to the township trustees instead of determining and awarding them to Armatas.

### E. Armatas is not entitled to an award of attorney fees

{¶ 33} The court of appeals denied Armatas's request for attorney fees, in principal part, because Armatas acted pro se and did not incur any attorney fees. *See* 2020-Ohio-1225 at ¶ 42. The court of appeals' conclusion on that issue was correct, and we affirm that portion of its judgment. *See State ex rel. Thomas v. Ohio State Univ.*, 71 Ohio St.3d 245, 251, 643 N.E.2d 126 (1994).

### III. CONCLUSION

{¶ 34} We reverse the court of appeals' judgment and determination that the requested records are not public records and that Armatas was not entitled to statutory damages and an award of court costs. We affirm the court of appeals' judgment denying Armatas's request for attorney fees. We hold that Armatas is entitled to a writ of mandamus, statutory damages in the amount of $1,000, and a determination and award of all court costs. We remand the cause to the court of

appeals for further proceedings consistent with this opinion. Costs of this appeal are taxed to respondent.

Judgment reversed in part<br>and affirmed in part,<br>and cause remanded.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Steven A. Armatas, pro se.

Baker, Dublikar, Beck, Wiley & Mathews, James F. Mathews, and Tonya J. Rogers, for appellee.

_____