[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2022-Ohio-1012.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
BRIAN M. AMES,

        Relator,

     - v -

PORTAGE COUNTY BOARD
OF COMMISSIONERS, et al.,

        Respondents.

**CASE NO. 2021-P-0118**

Original Action for Writ of Mandamus

**P E R  C U R I A M**
**O P I N I O N**

Decided: March 28, 2022
Judgment: Petition denied

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondents).

PER CURIAM.

{¶1}  Relator, Brian M. Ames ("Mr. Ames"), pro se, filed a verified petition for writ of mandamus against respondents, Portage County Board of Commissioners and Portage County Solid Waste Management District Board of Commissioners (collectively, "respondents").  Mr. Ames alleges that respondents violated the Open Meetings Act (R.C. 121.22) and the Public Records Act (R.C. 149.43) by failing to prepare and produce full and accurate minutes of a meeting held on September 2, 2021.

{¶2}  Respondents have filed an unopposed motion for summary judgment.

{¶3}    Upon a careful review of the record and pertinent law, we find as follows:

{¶4}    (1)  Mr. Ames has not established a clear legal right to the requested relief or a corresponding clear legal duty on the part of respondents.  Although the meeting minutes at issue reference an "Accounts Payable Warrant Report on file in the office of the Portage County Auditor," they do not purport to attach the report as an exhibit or expressly incorporate it into the resolution.  Therefore, the uncontroverted evidence shows that the board prepared and produced full and accurate meeting minutes.

{¶5}    (2)  Mr. Ames is not entitled to statutory damages under R.C. 149.43(C)(2). The basis of Mr. Ames' request is the alleged inaccuracy of the meeting minutes.  Since the uncontroverted evidence demonstrates that respondents prepared and produced full and accurate minutes, Mr. Ames is not entitled to statutory damages on this basis.

{¶6}    Thus, we grant respondents' motion for summary judgment, deny Mr. Ames' petition for a writ of mandamus, and deny his request for statutory damages.

**Background and Procedural History**

{¶7}    The Portage County Board of Commissioners ("the board") established the Portage County Solid Waste Management District ("the SWMD") by resolution on December 20, 1988.  *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 165 Ohio St.3d 292, 2021-Ohio-2374, 178 N.E.3d 492, ¶ 2, *reconsideration denied*, 164 Ohio St.3d 1433, 2021-Ohio-3091, 173 N.E.3d 515 ("*Ames II*").  Pursuant to R.C. 3734.52(A), the board serves as the SWMD's board of directors.  *Id.*  The board refers to itself as the "Solid Waste Management District Board of Commissioners" when conducting SWMD business.

2

{¶8} On September 2, 2021, the board conducted SWMD business at a public meeting, at which it adopted resolution No. 21-118. The board subsequently prepared meeting minutes, which state, in relevant part, as follows:

{¶9} "RESOLUTION No. 21-118 - RE: BILLS APPROVED AND CERTIFIED TO THE PORTAGE COUNTY AUDITOR FOR PAYMENT.

{¶10} "It was moved by Anthony J. Badalamenti, seconded by Vicki A. Kline that the following resolution be adopted:

{¶11} "RESOLVED, that the bills were approved and certified to the County Auditor for payment, contingent upon the review of the Portage County Board of Commissioners, Department of Budget and Financial Management, Department of Internal Services or other designee on September 2, 2021, in the total payment amount of $14,585.37 for Funds 8300-8399 as set forth in the Accounts Payable Warrant Report on file in the office of the Portage County Auditor; and be it further,

{¶12} "RESOLVED, that the District Board of Commissioners finds and determines that all formal actions of this Board concerning and relating to the adoption of this resolution were taken in an open meeting of this Board and that all deliberations of this Board that resulted in those formal actions were in meeting [sic] open to the public in compliance with the law including Section 121.22 of the Ohio Revised Code.

{¶13} "Roll call vote as follows:

{¶14} "Vicki A. Kline, Yea; Sabrina Christian-Bennet, Yea; Anthony J. Badalamenti, Yea; * * *."

Case No. 2021-P-0118

{¶15} On December 20, 2021, Mr. Ames submitted a public-records request for the minutes of the September 2 SWMD meeting. The following day, the board's clerk emailed the minutes to Mr. Ames.

{¶16} On December 27, 2021, Mr. Ames filed a petition for a writ of mandamus, alleging that the September 2 SWMD meeting minutes were not full and accurate because they did not include the "Accounts Payable Warrant Report" referenced in resolution no. 21-118. Mr. Ames also requested statutory damages pursuant to R.C. 149.43(C)(2).

{¶17} Respondents filed an answer denying the material allegations of Mr. Ames' complaint and asserted several defenses and affirmative defenses.

{¶18} On the same date, respondents filed a motion for summary judgment, contending that (1) the September 2 SWMD meeting minutes that were prepared and produced to Mr. Ames are full and accurate; and (2) Mr. Ames' action is barred by the doctrine of res judicata. They further contend that they have provided to Mr. Ames a copy of the "Accounts Payable Warrant Report" referenced in resolution no. 21-118. In support of their motion, respondents submitted affidavits from the board's clerk and the board's Director of the Department of Budget and Financial Management.

{¶19} Mr. Ames did not file an opposition to respondents' motion for summary judgment.

### Summary Judgment Standard

{¶20} Civ.R. 56(C) provides that before summary judgment is granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the

4

evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Levin v. Schremp*, 73 Ohio St.3d 733, 734, 654 N.E.2d 1258 (1995).

## Writ of Mandamus Standard

{¶21} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "'The function of mandamus is to compel the performance of a present existing duty as to which there is a default.'" *State ex rel. Willis v. Sheboy*, 6 Ohio St.3d 167, 168, 451 N.E.2d 1200 (1983), quoting *State ex rel. Fed. Homes Properties, Inc. v. Singer*, 9 Ohio St.2d 95, 96, 223 N.E.2d 824 (1967).

{¶22} To prevail in a claim for mandamus relief under the Open Meetings Act (R.C. 121.22), the relator must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of appellees to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 22. For relief under the Public Records Act (R.C. 149.43), the first two elements are the same, but the relator need not establish the lack of an adequate remedy in the ordinary course of the law. *Id.* at ¶ 24.

5

**Full and Accurate Minutes**

{¶23} Mr. Ames contends that the minutes of the September 2 SWMD meeting were not prepared and maintained as required by law and that a full and accurate copy of those minutes was not provided in response to his public-records request.

{¶24} R.C. 121.22(C) provides that "[t]he minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection. The minutes need only reflect the general subject matter of discussions in executive sessions authorized under division (G) or (J) of this section."

{¶25} The Supreme Court of Ohio has explained that R.C. 121.22(C) requires a public body to prepare, file, and maintain minutes of its meetings. *Ames II* at ¶ 21. Once prepared, R.C. 149.43(B) requires that the public body provide public access to the minutes upon request. *Id.* In addition, R.C. 305.10 requires that the clerk of a county board of commissioners keep a full record of the board's proceedings. *Id.* The court has held that mandamus is an appropriate remedy to compel a public body to prepare and produce full and accurate meeting minutes under R.C. 121.22 and 149.43. *Ames II* at ¶ 24.

{¶26} Mr. Ames filed a similar mandamus action against the same respondents in case no. 2019-P-0125. This court denied Mr. Ames' petition in *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2019-P-0125, 2020-Ohio-4359 ("*Ames I*"). Mr. Ames appealed to the Supreme Court of Ohio as of right.

{¶27} In *Ames II*, the Supreme Court determined that the SWMD meeting minutes at issue satisfied R.C. 121.22(C) "[i]n large part." *Id.* at ¶ 22. However, Mr. Ames was correct that the approved minutes of one SWMD meeting were "inaccurate in one

6

respect." *Id.* For a resolution passed at that meeting, the minutes stated that a "Then and Now Certificate" from the county auditor was "attached hereto as Exhibit 'A' and incorporated herein by reference." *Id.* at ¶ 7, 22. Exhibit A was not attached to the approved minutes or produced to Mr. Ames in response to his public-records request. *Id.* at ¶ 22-23. The fact that Exhibit A was available from another source was immaterial because "the board has a duty to maintain a full and accurate record of its proceedings." *Id.* at ¶ 23. Thus, the Supreme Court found that the board did not produce full and accurate meeting minutes in response to Mr. Ames' public-records request and ordered the board to produce Exhibit A to Mr. Ames. *Id.* at ¶ 24, 28.[1]

{¶28} Here, there is no similar inaccuracy with respect to the September 2 SWMD meeting minutes. The portion of the minutes reflecting the board's adoption of resolution no. 21-118 reference an "Accounts Payable Warrant Report on file in the office of the Portage County Auditor." However, unlike the minutes in *Ames II*, they do not purport to attach the report as an exhibit or expressly incorporate it into the resolution. Thus, unlike the "Then and Now" certificate in *Ames II*, the accounts payable warrant report did not effectively become a part of the board's resolution.

{¶29} In sum, the uncontroverted evidence shows that respondents prepared and produced full and accurate minutes of the September 2 SWMD meeting. Accordingly, Mr. Ames has not established a clear legal right to the requested relief or a corresponding clear legal duty on the part of respondents.

---

1. Notably, the meeting minutes at issue in case no. 2019-P-0125 reflect the board's adoption of resolutions referencing an "Accounts Payable Warranty Report on file in the office of the Portage County Auditor." The reports were not included in the minutes. Mr. Ames did not challenge the accuracy of those portions of the meeting minutes.

Case No. 2021-P-0118

**Statutory Damages**

**{¶30}** We next address Mr. Ames' request for statutory damages pursuant to R.C. 149.43(C)(2).

**{¶31}** "Under R.C. 149.43(C)(2), the 'requester shall be entitled to recover' statutory damages if (1) he submits a written request 'by hand delivery, electronic submission, or certified mail,' (2) the request 'fairly describes the public record or class of public records,' and (3) 'a court determines that the public office or the person responsible for public records *failed to comply with an obligation'* imposed by R.C. 149.43(B)*. Statutory damages accrue 'at one hundred dollars for each business day during which the public office or person responsible for the requested public records *failed to comply [with an obligation in accordance with division (B) of this section]*, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars.'" (Emphasis added.) *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 163 Ohio St.3d 304, 2021-Ohio-1176, 170 N.E.3d 19, ¶ 25, quoting R.C. 149.43(C)(2).

**{¶32}** Mr. Ames contends that respondents failed to comply with R.C. 149.43(B)(2), which provides, in relevant part, that "[t]o facilitate broader access to public records, a public office or the person responsible for public records shall organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with division (B) of this section."

**{¶33}** The basis of Mr. Ames' request for statutory damages is the alleged inaccuracy of the September 2 SWMD meeting minutes. As explained above, the

8

uncontroverted evidence demonstrates that respondents prepared and produced full and accurate minutes. Therefore, Mr. Ames is not entitled to statutory damages on this basis.

{¶34} For the foregoing reasons, respondents' motion for summary judgment is granted. Mr. Ames' petition for a writ of mandamus and his request for statutory damages are denied.

CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., JOHN J. EKLUND, J., concur.

9