[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2023-Ohio-4266.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
BRIAN M. AMES,

        Relator,

    - v -

PORTAGE COUNTY BOARD
OF COMMISSIONERS, et al.,

        Respondents.

CASE NO. 2019-P-0125

Original Action for Writs of Mandamus

**P E R  C U R I A M**
**O P I N I O N**

Decided: November 27, 2023
Judgment: Petition granted in part

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondents).

PER CURIAM.

{¶1} This original action in mandamus is before this court on remand from the Supreme Court of Ohio to determine whether relator, Brian M. Ames ("Mr. Ames"), is entitled to statutory damages for the failure of respondent, Portage County Board of Commissioners ("the board"), to comply with his public-records request. *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, Slip Opinion No. 2023-Ohio-3382, ¶ 46 ("*Ames IV*"). In particular, the court directed us to determine the amount of statutory damages

Mr. Ames should be awarded and to consider whether statutory damages should be reduced or eliminated under R.C. 149.43(C)(2)(a) and (b). *Id.* at ¶ 45.

{¶2} Upon a careful review of the record and pertinent law, we find Mr. Ames is entitled to the maximum amount of statutory damages, i.e., $1,000, and no circumstances justify a reduction or elimination of the award pursuant to R.C. 149.43(C)(2)(a) and (b). Thus, we overrule the board's motion for summary judgment in part, grant Mr. Ames' motion for summary judgment in part, grant Mr. Ames' petition for a writ of mandamus in part, and award Mr. Ames $1,000 in statutory damages.

## Background and Procedural History

{¶3} A comprehensive history of this matter is set forth in *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2019-P-0125, 2022-Ohio-336, ¶ 6-28 ("*Ames III*").

{¶4} In sum, on December 26, 2019, Mr. Ames submitted a public-records request by email to the board's clerk for "the meeting minutes of September 17 and 26, 2019 for the Portage County Board of Commissioners and the Portage County Solid Waste Management District Board of Commissioners." The following day, the board's clerk emailed the minutes to Mr. Ames. For one of the resolutions passed at the September 17 meeting, the minutes purported to include a "Then and Now Certificate" from the county auditor designated as "Exhibit A"; however, exhibit A was not attached to the minutes approved by the board or produced in response to Mr. Ames' public-records request.

{¶5} On December 27, 2019, i.e., the same day he received the response to his public-records request, Mr. Ames filed a verified petition in this court for writs of

2

mandamus, alleging, inter alia, that the board violated the Open Meetings Act and the Public Records Act by failing to keep full and accurate meeting minutes. We ultimately granted the board's motion for summary judgment, overruled Mr. Ames' cross-motion, and denied Mr. Ames' petition. *See State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2019-P-0125, 2020-Ohio-4359, ¶ 16-17 ("*Ames I*").

{¶6} On appeal, the Supreme Court of Ohio affirmed this court's judgment in part and reversed it in part. *See State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 165 Ohio St.3d 292, 2021-Ohio-2374, 178 N.E.3d 492, ¶ 1, *reconsideration denied*, 164 Ohio St.3d 1433, 2021-Ohio-3091, 173 N.E.3d 515 ("*Ames II*"). Relevant here, the court reversed our judgment in relation to Mr. Ames' mandamus claim seeking the production of "full and accurate minutes" of the September 2019 meetings. The court ordered the board to "produce Exhibit A to the minutes of the September 17 meeting to Ames in response to his public-records request" and remanded for us "to consider * * * whether Ames should be awarded statutory damages under the Public Records Act." *Id.* at ¶ 28.

{¶7} On remand, we ordered the parties to file supplemental summary judgment briefs and additional evidentiary quality material, if any. We ordered the parties to address, inter alia, whether the board's failure to produce full and accurate minutes in response to Mr. Ames' public-records request constituted a failure to comply with an obligation in accordance with R.C. 149.43(B) and whether this court should reduce an award of statutory damages or not award statutory damages pursuant to R.C. 149.43(C)(2)(a) and (b). Following supplemental briefing, we granted the board's motion for summary judgment, overruled Mr. Ames' cross-motion, and denied Mr. Ames' request

3

for statutory damages. *Ames III* at ¶ 56. We determined Mr. Ames had not established the board failed to comply with an obligation imposed by R.C. 149.43(B). *Id.* at ¶ 55.

{¶8} On appeal, the Supreme Court of Ohio affirmed this court's judgment in part and reversed it in part. *See Ames IV* at ¶ 3. Relevant here, the court found we denied statutory damages on "the erroneous basis that there was no violation of R.C. 149.43(B)." *Id.* at ¶ 45.[1] According to the court, it "necessarily determined that the board had violated R.C. 149.43(B)(2), which requires a public-records custodian to 'organize and maintain public records in a manner that they can be made available for inspection or copying in accordance with [R.C. 149.43(B)].'" *Id.* at ¶ 37, quoting R.C. 149.43(B)(2). The court remanded for us "to determine in the first instance the amount of statutory damages that Ames should be awarded and to consider whether statutory damages should be reduced or eliminated under R.C. 149.43(C)(2)." *Id.* at ¶ 45.

{¶9} Because the parties were previously given the opportunity to discuss the applicability of R.C. 149.43(C)(2)(a) and (b) in their supplemental briefing, we proceed to the merits in accordance with the Supreme Court of Ohio's mandate.

### Standard of Review

{¶10} Civ.R. 56(C) provides that before summary judgment is granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the

---

1. Three justices disagreed that the court had determined the board violated R.C. 149.43(B)(2). *See Ames IV* at ¶ 59-60, ¶ 65-68 (DeWine, J., concurring in judgment only in part and dissenting in part).

4

nonmoving party. *State ex rel. Levin v. Schremp*, 73 Ohio St.3d 733, 734, 654 N.E.2d 1258 (1995).

{¶11} To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gadell-Newton v. Husted*, 153 Ohio St.3d 225, 2018-Ohio-1854, 103 N.E.3d 809, ¶ 6.

## Amount of Statutory Damages

{¶12} "Under R.C. 149.43(C)(2), the 'requester shall be entitled to recover' statutory damages if (1) he submits a written request 'by hand delivery, electronic submission, or certified mail,' (2) the request 'fairly describes the public record or class of public records,' and (3) 'a court determines that the public office or the person responsible for public records failed to comply with an obligation' imposed by R.C. 149.43(B). Statutory damages accrue 'at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply [with an obligation in accordance with R.C. 149.43(B)], beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars.'" *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 163 Ohio St.3d 304, 2021-Ohio-1176, 170 N.E.3d 19, ¶ 25, quoting R.C. 149.43(C)(2). "The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed." R.C. 149.43(C)(2).

5

Case No. 2019-P-0125

**{¶13}** The record demonstrates that Mr. Ames submitted his request by email and that his request fairly described the records he was seeking. The Supreme Court of Ohio has determined the board failed to comply with R.C. 149.43(B)(2). *See Ames IV* at ¶ 37. Mr. Ames filed a mandamus action in December 2019, and the board did not officially produce exhibit A to Mr. Ames until the Supreme Court of Ohio ordered it to do so in July 2021. *See Ames II* at ¶ 28. Therefore, the board did not timely produce exhibit A to Mr. Ames. Consequently, Mr. Ames is entitled to the maximum amount of statutory damages, i.e., $1,000, unless circumstances justify a reduction of the award pursuant to R.C. 149.43(C)(2)(a) and (b). *See Armatas* at ¶ 26-27.

### Reduction Factors

**{¶14}** R.C. 149.43(C)(2)(a) and (b) "authorize a court to reduce [or eliminate] an award of statutory damages if it finds (1) that 'a well-informed public office * * * reasonably would believe that the conduct * * * that allegedly constitutes a failure to comply with an obligation' imposed by R.C. 149.43(B) 'did not constitute a failure to comply with an obligation' imposed by that provision, 'based on the ordinary application of statutory law and case law as it existed at the time of the conduct,' R.C. 149.43(C)(2)(a), *and* (2) that 'a well-informed public office * * * reasonably would believe that [its] conduct * * * would serve the public policy that underlies the authority that is asserted as permitting that conduct,' R.C. 149.43(C)(2)(b)." (Emphasis sic.) *Armatas* at ¶ 27, quoting R.C. 149.43(C)(2)(a) and (b). "[F]or this court to reduce the award of statutory damages, we must find that the [board]'s 'conduct' that [Mr. Ames] alleges to have violated R.C. 149.43(B)—*all* such conduct—had a reasonable basis in legal authority and public policy." (Emphasis sic.) *Id.* at ¶ 28.

6

Case No. 2019-P-0125

{¶15} The board failed to substantively address the applicability of R.C. 149.43(C)(2)(a) and (b) in its supplemental briefing. However, a review of the statutory language in those provisions indicates they are not applicable to the present situation. The provisions apply when a public office makes a deliberate choice not to produce a requested record based on legal authority or public policy. Here, the record indicates that the board's clerk intended to provide a complete response to Mr. Ames' request and that the omission of exhibit A was the result of an unintentional clerical error. Thus, there is no basis to reduce or eliminate statutory damages pursuant to R.C. 149.43(C)(2)(a) and (b).

{¶16} For the foregoing reasons, the board's motion for summary judgment is overruled in part, and Mr. Ames' motion for summary judgment is granted in part. Mr. Ames' petition for a writ of mandamus is granted in part, and we award Mr. Ames statutory damages in the amount of $1,000.

JOHN J. EKLUND, P.J., MARY JANE TRAPP, J., ROBERT J. PATTON, J., concur.

Case No. 2019-P-0125