[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Brown v. Columbiana Cty. Jail*, Slip Opinion No. 2024-Ohio-4969.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4969

THE STATE EX REL. BROWN *v.* COLUMBIANA COUNTY JAIL ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Brown v. Columbiana Cty. Jail*, Slip Opinion No. 2024-Ohio-4969.]**

*Mandamus—Public-records requests—County jail is not a person or office capable of being sued or responsible for public records—Records held by private jail administrators, which maintained quasi-agency relationship with sheriff's office, are public records—Sheriff's office has clear legal duty to obtain from private jail administrators and produce records responsive to inmate's public-records requests—Limited writ granted, ordering sheriff's office to obtain and disclose to inmate any additional public records responsive to his requests or else certify that no additional responsive records exist.*

(No. 2023-1218—Submitted July 9, 2024—Decided October 17, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ. FISCHER, J., dissented.

**Per Curiam.**

{¶ 1} In this original action, relator, Terry Brown, an inmate at the Belmont Correctional Institution, seeks (1) a writ of mandamus ordering respondents, the Corrections Division of the Columbiana County Sheriff's Office and Sheriff Brian McLaughlin (collectively, "the sheriff's office") and the Columbiana County Jail, to produce records he requested under R.C. 149.43, Ohio's Public Records Act, and (2) statutory damages. In August 2023, Brown sent the sheriff's office two public-records requests seeking records regarding personnel employed at the Columbiana County Jail between January 1, 2017, and July 1, 2018; current policies on the intake and booking of inmates, including inmates showing signs of intoxication, impairment, injury, medical issues, or psychological problems; and records-retention policies relevant to the other requests.

{¶ 2} The sheriff's office does not directly oversee the daily operations of the jail. Instead, as permitted by R.C. 9.06, the jail has been operated by two private contractors ("the private jail administrators") during the time periods at issue. Because quasi-agency relationships have existed between the sheriff's office and the private jail administrators, we grant a limited writ of mandamus ordering the sheriff's office to obtain and disclose to Brown any additional responsive public records, if such records exist, or to certify that no additional responsive records exist. We defer ruling on Brown's request for statutory damages until after the sheriff's office has complied with the limited writ.

## I. FACTS AND PROCEDURAL HISTORY
### A. Administration of Columbiana County Jail

{¶ 3} Since at least January 2014, private jail administrators—not the sheriff's office—have operated the Columbiana County Jail. Community

Education Centers, Inc./GEO Group, Inc. ("GEO Group") operated the jail between January 2014 and sometime in 2019. Since January 2022, Correctional Solutions Group, L.L.C., has operated the jail. As permitted by R.C. 9.06(A)(1), Columbiana County and the private jail administrators executed contracts authorizing the latter to fulfill duties ordinarily fulfilled by the sheriff's office.

{¶ 4} As required by R.C. 9.06(B)(9), the contracts provide for a contract monitor—a county employee who has complete access to the jail and all records of the facilities except for the private jail administrators' financial records. Sergeant Deputy Sheriff Hartley Malone has been the contract monitor at all times relevant to this action.

### B. The Records Requests

{¶ 5} In August 2023, Brown submitted two public-records requests to the sheriff's office. On August 18, Brown faxed his requests to "Columbiana County Prosecutors Jail – ATTN Warden, Sheriff Brian McLaughlin, Administration Office." The next day, a third party resubmitted the two requests for Brown by emailing them to the sheriff's office.

{¶ 6} Brown's first public-records request listed ten items pertaining to "Employees['] names and position[s] held while working at the Columbiana County Jail during the time period of January 1st, 2017 through July 1st, 2018." Brown's second public-records request listed 15 items pertaining to current "Policy information on Inmate Intake/Booking and Retention of records," including booking of inmates showing signs of intoxication, impairment, injury, or psychological problems. In both requests, Brown also asked for related records-retention policies.

### C. Response of the Sheriff's Office

{¶ 7} Scherry Wilson, an administrative assistant in the sheriff's office, attests that she sent Brown a letter on September 13, 2013, in which she "fully and completely responded to Brown's records requests." In response to Brown's first

request, the sheriff's office provided only two records: an employee-information sheet for Sergeant Deputy Sheriff Hartley Malone, the contract monitor, and a position description for the position of sergeant deputy sheriff.

{¶ 8} In response to both of Brown's records requests, Wilson's letter asserted that the sheriff's office had already provided the related records-retention schedules and that the office did not have any records responsive to the other items listed in the requests, because the records are created, kept, and maintained by Correctional Solutions Group, and—according to Wilson—the sheriff's office does not have access to them.

### D. Mandamus Action

{¶ 9} On September 25, 2023, Brown filed his complaint in this case. The sheriff's office filed an answer and a motion for judgment on the pleadings, arguing that Brown's mandamus claim was moot because the sheriff's office had provided all the responsive records in its possession and that Brown should request the other records from Correctional Solutions Group.

{¶ 10} On December 27, 2023, we denied respondents' motion for judgment on the pleadings and granted an alternative writ, setting a schedule for the submission of evidence and briefs. 2023-Ohio-4695. Both parties filed merit briefs, but only the sheriff's office filed evidence.

## II. ANALYSIS

### A. Columbiana County Jail Is Not a Proper Respondent

{¶ 11} Brown names the Columbiana County Jail as a respondent and argues that it failed to reply to his requests even though it is the custodian of the public records he requested. The Columbiana County Jail, however, is not a proper respondent in this case.

{¶ 12} Although the sheriff's office is a public office as that term is defined in R.C. 149.011(A), the Columbiana County Jail itself is merely a building, not a person or office capable of being sued or responsible for public records. *See* R.C.

149.011(A); *see also Blair v. Hamilton Cty. Justice's Ctr.*, 2022 WL 1153204, *2 (S.D.Ohio Apr. 19, 2022) (a correctional facility is not a person or legal entity that can be sued under 42 U.S.C. 1983). Brown seems to argue that by naming the jail as a respondent, he has filed this case against the current private jail administrator, Correctional Solutions Group, in addition to the public offices. However, S.Ct.Prac.R. 12.02(A)(1) requires that respondents be named and their proper service addresses be provided. Brown neither named nor served as a respondent Correctional Solutions Group. Accordingly, it is not a respondent in this action.

{¶ 13} The only respondents in this case are Sheriff Brian McLaughlin and the Corrections Division of the Columbiana County Sheriff's Office.

### B. The Sheriff's Office Has a Legal Duty to Obtain and Disclose Records

{¶ 14} Mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

{¶ 15} In his brief, Brown asserts that the sheriff's office was incorrect in responding that they do not have access to the records because R.C. 9.06(B)(9) requires them to have access through the contract monitor. Further, R.C. 9.06(B)(16) requires contracts with private jail administrators to include a provision requiring maintenance of all documents and records relevant to the facility in the same manner required for records of the public entity.

{¶ 16} The sheriff's office does not dispute that Brown has a clear legal right to the requested records, but the sheriff's office argues that it has fulfilled its legal duty by providing all the responsive records in its possession not previously produced and by directing Brown to obtain the remaining records from Correctional

Solutions Group. The sheriff's office argues that the private jail administrators are the functional equivalent of a public agency, that the records in their possession are public records, and that the private jail administrators themselves therefore have the duty to disclose the records.

### 1. *The private jail administrators are quasi-agents*

{¶ 17} The sheriff's office is incorrect in suggesting that its legal duty to disclose the requested records ceases once the private jail administrators have assumed a legal obligation to maintain and disclose the records. Whether the private entities also have a duty to disclose the public records they hold is irrelevant to the public office's duty under the quasi-agency test. *See State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 2021-Ohio-1176, ¶ 15, fn. 3 (concluding that even though a private entity may not qualify as a public office, "that does not prevent the application of the quasi-agency test"). Here, the records requests were directed to the sheriff's office. We proceed to apply the quasi-agency test to Brown's requests that the sheriff's office disclose jail-related records.

{¶ 18} In *State ex rel. Mazzaro v. Ferguson*, 49 Ohio St.3d 37, 39 (1990), this court announced a quasi-agency test, holding that when a public office contracts with a private entity, the records held by the private entity are public records if "(1) [the] private entity prepares [the] records in order to carry out a public office's responsibilities, (2) the public office is able to monitor the private entity's performance, and (3) the public office has access to the records for this purpose." Recently, we have recognized that "when a requester has adequately proved the first prong of the quasi-agency test, the requester has met his burden: proof of a delegated public duty establishes that the documents relating to the delegated functions are public records." *Armatas* at ¶ 16.

{¶ 19} In this case, the sheriff's office delegated the administration of the jail and the supervision and care of the inmates to the private jail administrators for the durations of their respective contracts. Brown requested records pertaining to

6

the names and positions of jail personnel, policies regarding inmate booking, and record policies and -retention schedules. To the extent that records responsive to Brown's requests exist, all those records would have been created to carry out the delegated public responsibilities. Indeed, the contracts specifically state that records relating to the facility and inmates are to be kept in the same manner required for county records, and the sheriff's office concedes that the records in the possession of the private jail administrators are public records. This evidence of a delegated public duty shows that the requested documents relating to the delegated function of operating the jail are public records. *See Armatas* at ¶ 16.

{¶ 20} The sheriff's office argues that in cases applying the quasi-agency test, "the [c]ourt is concerned with the intentional shielding of information and records." However, in *Mazzaro*, in which we established the quasi-agency test, there was no such obfuscation, *see Mazzaro* at 38. In this case, clear and convincing evidence shows that the requested records related to the delegated public duty of operating the jail are public records. *See Armatas*, 2021-Ohio-1176, at ¶ 16. Therefore, there is a quasi-agency relationship between the sheriff's office and the private jail administrators, and the records held by the private jail administrators in this case are public records.

2. *The sheriff's office has a duty to obtain and disclose the requested records*

{¶ 21} When the quasi-agency test is satisfied, the public office has a duty to obtain requested records from the private entity and disclose them to the requester. *See Armatas* at ¶ 7, 24 (even though requested record was in possession of a private entity, it was a public record under township's jurisdiction and township "ha[d] a clear legal duty to make it available to [requester]").

{¶ 22} Regarding Brown's first public-records request, which asked for records from between January 1, 2017, and July 1, 2018, the sheriff's office denies that it possesses any responsive records other than the two records that it disclosed. As required by R.C. 9.06(B)(16), both contracts between the county and the private

jail administrators provide that all documents and records relating to the facility and inmates shall be maintained in the same manner as required for the records of the county—i.e., as public records. Regardless of who has the remaining records responsive to the request—the sheriff's office or either or both of the private jail administrators—the sheriff's office has a clear legal duty to obtain existing responsive records and disclose them to Brown. *See Armatas* at ¶ 24. The same reasoning applies to any public records responsive to Brown's second public-records request. Therefore, Brown is entitled to a writ of mandamus ordering the sheriff's office to obtain and disclose any additional responsive public records.

## C. Limited Writ of Mandamus

**{¶ 23}** Because the evidence submitted does not show which entity currently has public records responsive to Brown's requests—or even whether additional responsive records actually exist—we grant a limited writ of mandamus ordering the sheriff's office to obtain any responsive public records from the private jail administrators with which the county contracted (GEO Group and Correctional Solutions Group) and disclose them to Brown or to certify that no responsive records exist. *See State ex rel. Sultaana v. Mansfield Corr. Inst.*, 2023-Ohio-1177, ¶ 43 (granting limited writ of mandamus ordering records custodian "to produce [requested] records or to certify that no such records exist" because of factual questions); *accord State ex rel. Mobley v. Powers*, 2024-Ohio-104, ¶ 31. We defer our determination whether Brown is entitled to statutory damages and the amount of any such damages until the sheriff's office has complied with the limited writ.

## III. CONCLUSION

**{¶ 24}** For the foregoing reasons, we grant a limited writ of mandamus ordering the sheriff's office to either obtain and disclose to Brown the remaining responsive public records or certify that no additional responsive records exist within 21 days. We defer our determination whether Brown is entitled to statutory

damages and the amount of any such damages until the sheriff's office has complied with the limited writ.

Limited writ granted.

————————————

Terry Brown, pro se.

Mazanec, Raskin & Ryder Co., L.P.A., Frank H. Scialdone, and Zachary W. Anderson, for respondents.

————————————